DRIESSEN, Respondent, v. SCHIEFELBEIN, et al, Appellants

(297 N. W. 685.)

(File No. 8420.   Opinion filed April 29, 1941.)

**Caldwell & Burns,** of Sioux Falls, for Appellants.

**A. O. Schmidt,** of Milbank, for Respondent.

RUDOLPH, J.   Plaintiff brought this proceeding to recover compensation under the Workmen's Compensation Law, SDC Title 64, 64.0101 et seq.   The Industrial Commissioner denied an award, which was reversed upon appeal of the claimant to the circuit court.   Defendants have now appealed.

The facts in the case are undisputed. In the fall of 1938 several farmers in the immediate vicinity of Milbank organized a "ring" to conduct threshing operations. The claimant, Driessen, was a member of this ring as was also the defendant, Schiefelbein. Schiefelbein owned and operated the threshing rig which was to be used to thresh the grain. Schiefelbein had a policy of Workmen's Compensation Insurance which covered not only his threshing operations, but also farm labor. Each member of the ring exchanged his labor for the labor of other members of the ring, but, if the labor of one member for another was in excess of that of the other member, as between these two settlement was made on the basis of thirty-two cents an hour or three dollars and fifty cents for eleven hours work. It was agreed among the members of the ring that work should commence at 7 o'clock in the morning and end at 7 o'clock in the evening. Each member of the ring was to furnish either the labor of himself or a man and a team of horses. The work performed by the ring members was that of hauling bundles from the field to the threshing machine, and also hauling grain from the threshing machine to the elevator or granary as directed. Mr. Schiefelbein, the owner and operator of the threshing machine, employed a man by the month who helped with the threshing machine and threshing operations. For threshing the grain of the different farmers Schiefelbein was paid a stated amount per bushel threshed, which payment included the services of himself and the man he employed on a monthly basis. As a member of the ring, Schiefelbein also furnished a man and team. While conducting threshing operations on this basis and while threshing at the farm of Schiefelbein, the claimant left the machine with a load of grain to take to the elevator at Milbank. This Schiefelbein place was adjacent to the city of Milbank and the distance to the elevator was somewhat less than a mile. Driessen lived approximately two miles southeast of Milbank. Driessen left with this load of grain, above referred to, at approximately 6 o'clock in the evening and was told by Schiefelbein that after he unloaded the grain at Milbank to go on home. Driessen unloaded this

load of grain at Milbank and proceeded to drive to his home. Just as he approached the driveway into his home, his team of horses became frightened and ran into his yard where Driessen was thrown from the wagon and injured. The accident occurred between 7:30 and 8 o'clock in the evening. The Industrial Commissioner concluded as a matter of law "that the injury sustained by claimant Driessen was not the result of an accident arising out of and in the course of his employment for the defendant Schiefelbein." For the purposes of this opinion we may concede that, while helping with threshing at Schiefelbein's place under the working arrangement above disclosed, Driessen was an employee of Schiefelbein within the meaning of the Workmen's Compensation Law.

Our statute, SDC 64.0102 (4), provides that the only injury that is compensable is an "injury by accident arising out of and in the course of the employment." This court on several occasions has been required to apply this statute to a state of facts where the injury has occurred at a time other than during the regular time of employment. On each occasion the court has been rather astute in discerning facts which brought the injury within the meaning of this Code provision. In the case of Stratton v. Interstate Fruit Company, 47 S. D. 452, 199 N. W. 117, the injury occurred while a truck driver was returning to his work from dinner, but the facts in that case established that this driver was actually performing a duty owed the employer, in that, at the time of the accident, he had on his truck certain property which it was his duty to collect and return to his place of employment. In the case of Meyer v. Roettele, 64 S. D. 36, 264 N. W. 191, an employee suffered an accident while at lunch, but as pointed out in that case the lunch was furnished by the employer under the terms of the contract of employment, and the employee was at that particular place under the direction of the employer. In the case of Jacobson v. Strong & Waggoner, 66 S. D. 552, 287 N. W. 41, it was held by a majority of the court that an employee whose contract of employment contemplated that he was subject to the call of his employer at any time, was within the course

of his employment when he received burns while sleeping in a bunk car furnished by the employer.

In the state of facts now before us, there is no fact or circumstance upon which to hold that Driessen sustained an injury by accident arising out of and in the course of his employment by Schiefelbein, unless we place such a holding upon the basis that an employee whose employment contemplates that he furnish and drive a team hitched to a wagon, is within the course of his employment when injured while driving to his home after completing the work of his employer. When Driessen delivered this load of grain to the elevator, he had completed his service to Schiefelbein for the day. So far as his employment by Schiefelbein was concerned he was free to come and go as he elected; the employment had ceased for the day and was not to start again until 7 o'clock the following morning. The trial judge in a memorandum opinion setting forth his reasons for reversing the Industrial Commissioner stated: "Under his agreement with Schiefelbein, at the end of the day's work he was required to take his team home and feed and care for them and get his supper and rest and breakfast and be back at the machine at seven o'clock in the morning."

Following this reasoning to its ultimate conclusion, an injury sustained by accident by Driessen while eating or getting his rest in his own home, so as to be able to go to work the next morning, would be within the course of his employment. As stated by the Indiana court in the case of Moore v. Sefton Manufacturing Corp., 82 Ind. App. 89, 144 N. E. 476, 477: "It may be conceded that it is fundamentally necessary for a workman to have food and refreshments. It is also necessary that he have some time during the 24 hours of the day in which to rest and sleep, but that did not give him a right to compensation when he has gotten through with his work, has left his place of employment, and is injured on his way home while traveling on a public highway."

Furthermore, we have searched the record and are unable to conclude as did the trial judge that Driessen's employment required that he "take his team home and feed

and care for them." We have been unable to find any requirement of his employment other than that he furnish the services of either himself or a man, and that he furnish a team and wagon. Where the team came from or where it was kept and fed was of no concern to Schiefelbein under the working arrangement set forth in the record. The controlling facts we believe are identical with the facts in the case of Kary v. North Dakota Workmen's Compensation Bureau, 67 N. D. 334, 272 N. W. 340, 343, wherein the North Dakota court stated in a well-reasoned opinion: "He was on the public highway going home from his work. So far as the employer was concerned, it was immaterial whether he walked, or rode, or was transported by a fellow workman. His method of reaching his employment, where he stabled his horses outside of the hours of employment, or how he handled them during that time were entirely foreign to his employer. The employer had no control over it, direct or indirect. Had the workman been injured while walking home, there would have been no question raised. But it is said the employer must have known he had to bring his horses and take them back, that he had to feed them and stable them. It is true horse power was hired, but the employer had nothing to say about the selection of the horses, how they were handled, or where they came from or were kept, or what became of them. As pointed out in Pillen v. Workmen's Compensation Bureau, supra (60 N. D. 465, at page 479, 235 N. W. 354, 360), the employee 'was not doing anything he was employed to do at the time of the injury. He was in no different position than that of any other employee going to and from his place of work and was subject to no greater or different risk than that of any other' person driving his own team on the highway."

■■ Much has been written concerning this phrase "arising out of and in the course of the employment." Cf. 28 R. C. L. 801; 71 C. J. 642; Schneider, Workmen's Compensation Law, Second Edition, Volume 1, Chapter VI. The rule is well established that an injury sustained by an employee while going to or from his work is not compensable. To this rule there are certain exceptions, but none of these

exceptions has any application to the facts now before us. We are of the opinion that both reason and authority support the general rule, and that it should govern the disposition of this case.

The judgment appealed from is reversed.

All the Judges concur.