KRIER, Respondent v. DICK'S LINOLEUM SHOP et al., Appellants

(98 N.W.2d 486)

(File No. 9778. Opinion filed October 15, 1959)

**Kirby, McDonnell & Kirby,** Sioux Falls, for Defendants and Appellants.

**William K. Sahr,** Pierre, for Plaintiff and Respondent.

ROBERTS, J. This is an appeal to review a judgment of the Circuit Court of Hughes County affirming the decision of the Industrial Commissioner holding that claimant sustained a compensable injury under the Workmen's Compensation Law (SDC 64).

The material facts are not in dispute. Cleo Krier was an employee of Dick's Linoleum Shop which has its place of business in Pierre, South Dakota. We quote the sailent portions of the findings of fact: "On November 4, 1957 the employer took the claimant, also from Pierre, to Chamberlain to complete work on the job which had started the previous week. The employer returned to Pierre later on in the day but before leaving he made arrangements for the claimant to stay at a certain hotel and gave him an amount of money to cover expenses for food and lodging while the employee completed the work in Chamberlain. The claimant worked until about 9:00 or 9:30 o'clock the evening of November 4th and after cleaning up he drove in his employer's truck to Al's Steak House located about two and one half miles west of Chamberlain. After eating his dinner and while enroute back to his hotel, claimant had an accident with the truck, resulting in his temporary and total disability from work until December 2, 1958. * * * The employer did not instruct the employee to go to any particular place to eat, however, he had mentioned and recommended to the claimant that this steak house was a place where a good meal could be had."

The sole question on appeal is whether a compensable injury was sustained by claimant. An employer is liable to an employee only for an "injury by accident arising out of and in the course of the employment". SDC 64.0102(4); Driessen v. Schiefelbein, 67 S.D. 645, 297 N.W. 685. It is conceded that there was an "injury by accident" as those words are used in the act. For an injury to arise out of "the employment", it is necessary and sufficient that there be a causal connection between the injury and the employment, but the employment need not be the direct or proximate cause of injury, it being sufficient if the accident

had its origin in the hazard to which the employment exposed the employee while doing his work. Anderson v. Hotel Cataract, 70 S.D. 376, 17 N.W.2d 913; Bergren v. S. E. Gustafson Construction Co., 75 S.D. 497, 68 N.W.2d 477. The words "in the course of" refer to the time, place and circumstances under which the accident took place. The contents of the statute do not limit the application to the periods during which an employee is actually engaged in the work that he is hired to perform. In Meyer v. Roettele, 64 S.D. 36, 264 N.W. 191, it was held that where a member of a threshing crew became ill while partaking of toxin infested food furnished by the farmer employing the crew the eating of a meal was so incidental to his employment that the resulting death arose out of and in the course of the employment. In other words, an employee is within the course of his employment if what he is doing is naturally related or incidental to his employment or he is doing that which his contract of employment expressly or impliedly authorizes. Wilson v. Dakota Light & Power Co., 45 S.D. 175, 186 N.W. 828; Jacobson v. Strong & Waggoner, 66 S.D. 552, 287 N.W. 41; Lang v. Board of Education, 70 S.D. 343, 17 N.W.2d 695.

█ Claimant was taken away from his home by reason of his employment and was paid expenses incurred for lodging and meals. The "course of the employment" of an outside employee is necessarily broader than that of an ordinary employee. His work creates the necessity of staying at hotels, eating at various places, and of travel in going to and returning from these places. In Thornton v. Hartford Accident & Indemnity Co., 198 Ga. 786, 32 S.E.2d 816, 819, where a traveling salesman was injured when returning from a meal at a cafe across the street from a hotel where he had previously registered, the court said: "While lodging in a hotel or preparing to eat, or while going to or returning from a meal, he is performing an act incident to his employment, unless he steps aside from his employment for personal reasons. Such an employee is in continuous employment, day and night. This does not mean that he cannot step aside from his employment for personal reasons, or reasons in no way connected with his employment, just as might an ordinary employee working on a schedule of

hours at a fixed location. He might rob a bank; he might attend a dance; or he might engage in other activities equally conceivable for his own pleasure and gratification, and ordinarily none of these acts would be beneficial or incidental to his employment and would constitute a stepping aside from the employment. The eating of meals, while a pleasure indulged in by a traveling salesman and all mankind, is as necessary to the continuance of his duties as the breath of life; and where his duties take him away from his home, his acts of ministration to himself should not—and we believe do not—take him outside the scope of his employment, so long as he performs these acts in a normal and prudent manner. Such activities, the performance of which are necessary to his health and comfort, while in a sense personal to himself, are nevertheless incidents of his employment and acts of service therein within the meaning of the Workmen's Compensation Act, although only remotely and indirectly conducive to the object of the employment."

See also Harivel v. Hall-Thompson Co., 98 Conn. 753, 120 A. 603; Stansberry v. Monitor Stove Co., 150 Minn. 1, 183 N.W. 977, 20 A.L.R. 316; Alexander Film Co. v. Industrial Commission, 136 Colo. 486, 319 P.2d 1074; Walker v. Speeder Machinery Corp., 213 Iowa 1134, 240 N.W. 725; 99 C.J.S. Workmen's Compensation § 231 subds. e and f.

██ Appellants contend that claimant deviated from his employment when for his own pleasure he went to a cafe outside of Chamberlain to eat and that the injury resulting from the accident occurring during the time that he had stepped aside from his employment was not compensable. The controlling factor is whether claimant was engaged in doing something which he might reasonably be expected to do while in the performance of his duties. In order to avoid the risk of deviating from the course of his employment he was not required to eat his meals at a cafe nearest the hotel where he was staying. The question then is whether deviation from the course of employment was established when it appeared that claimant after completing his work for the day went a short distance outside the city to a cafe for dinner which had been recommended by his employer. We think not. It cannot be held that he

stepped aside from his employment to do some act of his own not connected with or contemplated by the employment.

The judgment below is affirmed.

All the Judges concur.