PICKREL, Respondent v. MARTIN BEACH, INC., et al., Appellants

(124 N.W.2d 182)

(File No. 10066. Opinion filed October 29, 1963)

**Howard B. Crandall,** Sioux Falls, for employer and insurer, Appellants.

**Austin, Hinderaker & Hackett,** Watertown, for Claimant-Respondent.

HANSON, P. J. This is a Workmen's Compensation proceeding wherein the Circuit Court of Beadle County affirmed an award of the Industrial Commissioner for the injuries and resultant death

of John Pickrel. Claimant is decedent's widow. The single issue on appeal is whether decedent's accidental death arose out of and in the course of his employment.

The employer, Martin Beach, Inc., is a construction firm head-quartered at Huron. It is primarily engaged in the construction of electric power lines and for this purpose maintains crews of workmen at various project locations throughout a wide area.

Pickrel was employed on June 5, 1961 by the Beach Company as an apprentice lineman. He was continuously so employed until his death on August 23, 1961. Death resulted from a car-truck collision on Highway No. 14 a short distance west of Huron. At the time Pickrel and a fellow employee, Allan Bell, were returning to their homes in Huron from a construction site near Kimball. They were riding in a pickup truck furnished by their employer and intended to return to Kimball in the same truck the following morning.

When Pickrel applied for work with the Beach Company he and his family resided in Watertown. Shortly after he was hired his family moved to Huron. Pickrel was paid an hourly wage based on an 8-hour day six days a week. In addition, the Beach Company furnished transportation to and from Huron and its construction sites. In this regard it was mutually understood that any employee could return to Huron from any construction job Wednesday and Saturday nights at company expense and would likewise be returned to work every Thursday and Monday morning. Pickup trucks were furnished and available for this purpose. With reference to the Wednesday night trips the manager of the Beach Company testified it was his stipulation that his employees "would be brought to Huron on Wednesday nights and the next morning they would be returned to the job." He further testified the purpose of such trips was "more or less of an inducement" or "benefit" for the men.

Pursuant to such arrangement Pickrel made numerous trips back to Huron to visit his family from various construction sites in vehicles furnished by his employer. Generally, various records, tools, supplies or materials, were also transported by him to or from Huron for the Company. However, when the fatal col-

lision occurred Pickrel and Bell were not transporting anything for their employer in the pickup truck and had not been requested to do so on this particular trip.

■ To be compensable under the Workmen's Compensation Act an injury or death must · be one resulting from accident "arising out of and in the course of the employment." SDC 1960 Supp. 64.0102(4). Ordinarily an injury sustained by an employee while going to or from work is not compensable. Driessen v. Schiefelbein, 67 S.D. 645, 297 N.W. 685. There are, however, certain well-recognized exceptions to this rule "which depend upon the nature, circumstances, and conditions of the particular employment, and the cause of the injury." 58 Am.Jur., Workmen's Compensation, § 217, p. 724. One of these permits recovery of compensation to an outside employee who is injured while being transported to or from work in a mode or means of transportation furnished by the employer as an integral part of the contract of employment. 99 C.J.S. Workmen's Compensation § 235(b), p. 840; 58 Am.Jur., Workmen's Compensation, § 218, p. 725. As indicated in Krier v. Dick's Linoleum Shop, 78 S.D. 116, 98 N.W.2d 486, "an employee is within the course of his employment if what he is doing is naturally related or incidental to his employment or he is doing that which his contract of employment expressly or impliedly authorizes." In the Krier case it was also recognized that the "course of the employment" of an outside employee "is necessarily broader than that of an ordinary employee. His work creates the necessity of staying at hotels, eating at various places, and of travel in going to and returning from these places."

■ The facts here fall squarely within the above exception to the "going and coming" rule. Pickrel was an outside employee injured and killed while riding home in a conveyance belonging to and furnished by his employer according to the express terms of the contract of employment which in effect, expanded the course of employment. Furthermore, such travel was mutually beneficial. Although furnished primarily as an inducement to obtain and retain outside employees required to be away from home in the performance of their work it also provided the employer with a regular means of transportation of company

tools, equipment, and supplies between its home office and various work projects.

Affirmed.

All the Judges concur.