Jack ZACHER, Claimant/Appellant,

v.

HOMESTAKE MINING COMPANY OF CALIFORNIA, A California Corporation, Employer/Insurer and Appellee,

No. 17988.

Supreme Court of South Dakota.

Considered on Briefs on Sept. 3, 1993.

Decided March 30, 1994.

Dennis W. Finch and Marya Vrooman Rogers of Finch Bettmann Maks, PC, Rapid City, for claimant and appellant.

A.P. Fuller of Fuller & Tellinghuisen, Lead, for employer/insurer and appellee.

PER CURIAM.

Jack Zacher appeals a circuit court order which affirmed a Department of Labor order denying Zacher's request for workers' compensation benefits. We affirm the circuit court.

### FACTS

Zacher worked for Homestake from 1971 until 1974 and again from 1980 until 1990. On September 16, 1986, Zacher felt back pain while working in the mine. Pursuant to company policy, Zacher filed an injury report at the end of his shift. Zacher took Tylenol for the back pain and returned to work the next day.

Six months later, on March 6, 1987, Zacher again felt a sharp pain in his back while working in the mine. Zacher completed the day (a Friday), told his supervisor about the injury, but did not complete an injury report. Zacher felt pain all weekend but returned to work Monday. Zacher was unable to return to work Tuesday.

On March 10, 1987, Zacher went to see Dr. Ruth O'Dell, a general practitioner, concerning his back pain. He told her he had injured his back at work several days earlier and Dr. O'Dell ordered x-rays and a CAT scan. Dr. O'Dell diagnosed Zacher's problem as a back muscle spasm, prescribed a muscle relaxant, and told him to rest his back and apply heat.

Zacher's back pain continued but he was able to return to light duty work on July 16, 1987. Dr. O'Dell brought in Dr. Wayne Anderson, a general practitioner with advanced training in occupational medicine, to consult concerning Zacher's back problems. During all of this time, Zacher was also suffering from an unrelated case of severe

colitis. In January 1989, Zacher had surgery to remove his colon.

Zacher's back pain increased again in April 1988. Dr. O'Dell then referred Zacher to Dr. James Pucilek, an orthopedic surgeon. Dr. Pucilek reviewed Zacher's medical records and found a mild bulging disc.

Zacher requested worker's compensation benefits in September of 1988. Zacher and Homestake agreed to submit the case to the Department of Labor based on a stipulated record including transcripts of the deposition testimony of Drs. O'Dell, Anderson and Pucilek. The Department of Labor denied Zacher's request for benefits after finding that he had proven that he injured his back at work, but had failed to show that his injury arose out of his employment. Zacher appealed the Department's decision to the circuit court. Circuit Judge Timothy Johns affirmed the decision of the Department of Labor. Zacher appeals to this Court.

## STANDARD OF REVIEW

■ The parties' briefs incorrectly identify the "clearly erroneous standard" as the standard of review in this case. The Department of Labor considered this case on a stipulated record consisting of deposition transcripts and pleadings. No "live" witnesses were presented to the Department of Labor. The Circuit Court made its decision based on the same record. This Court can review that evidence in the same manner as did the Department of Labor and the Circuit Court. Since neither the Department of Labor nor the Circuit Court observed any "live" witnesses, their readings of this "cold record" are not entitled to any special deference. *Day v. John Morrell & Co.,* 490 N.W.2d 720 (S.D.1992) (citing *Lien v. Miracle Span Corp.,* 456 N.W.2d 563 (S.D.1990).

## DECISION

ZACHER FAILED TO PROVE BY A PREPONDERANCE OF THE EVIDENCE THAT HIS BACK INJURY "AROSE OUT OF" HIS EMPLOYMENT.

Both the Department of Labor and the Circuit Court found that Zacher had shown

that his injury occurred at work. However, both also found that he had failed to show that his injury "arose out of" his employment.

■ Zacher presumes that if an injury occurs while one is at work, the injury "arose out of and in the course of employment." However, this Court has previously recognized that the phrase "in the course of" imposes a requirement of time, place and circumstance. *Krier v. Dick's Linoleum Shop,* 78 S.D. 116, 119, 98 N.W.2d 486, 487 (1959). The phrase "arising out of" expresses a factor of contribution. *Id.* In other words, did the work contribute to causing the injury? *Id.* As this Court recently stated:

> Before an employee can collect benefits under our worker's compensation statutes, he must establish, among other things, that there is a causal connection between his injury and his employment. That is, the injury must have "its origin in the hazard to which the employment exposed the employee while doing his work." This causation requirement does not mean that the employee must prove that his employment was the proximate, direct, or sole cause of his injury; rather, the employee must show that his employment was "a contributing factor" to his injury.

*Caldwell v. John Morrell & Co.,* 489 N.W.2d 353, 357–58 (S.D.1992) (citations and footnotes omitted).

■ Thus, the sole issue for this Court to decide is whether Zacher showed, *by a preponderance of the evidence,* that his work was a contributing factor to his injury. *Id.* at 358.

Zacher had a history of back pains and was obese.* His back pain escalated one day while at work. Three doctors examined him and testified (by deposition) in this case.

> DR. O'DELL: Dr. O'Dell testified that she could not render an opinion as to the cause of Zacher's injury.

---

* Dr. Anderson testified that Zacher should "not weigh more than 180 maximum." In June 1986 (shortly before his first back injury), Zacher weighed 250 pounds. He weighed 290 pounds in July of 1988.

DR. PUCILEK: Dr. Pucilek testified that he was hesitant to give an opinion as to the cause of the injury. He acknowledged that hard rock miners have more back problems than other workers. He then testified that the injury was caused by "obesity and hard work." He further stated: "I think he's just a big overweight guy, that his spine is just sort of collapsing on him."

DR. ANDERSON: Dr. Anderson testified that the Zacher's back injury was not caused by his work but rather by "degenerative back disease which he was unlucky enough to inherent (sic) and chronic obesity." Dr. Anderson also testified:

I believe that his back pain at that time was an ongoing situation. He had had chronic back pain, by my review of the records, for a long period of time.

He was markedly overweight, and that's the primary cause of his back pain, his previous problems and his obesity.

Zacher presented only minimal evidence tending to show a causal connection between his work and his back injury. Dr. Pucilek was hesitant to give an opinion as to the cause of the injury but eventually said "obesity and hard work." However, Dr. Pucilek's emphasis throughout his testimony was on Zacher's weight. Dr. Anderson testified unequivocally that Zacher's injury was not related to his work.

Zacher failed to show, *by a preponderance of the evidence,* that his injury arose out of his employment. This conclusion is based on the hesitant nature of Dr. Pucilek's testimony and the unequivocal nature of Dr. Anderson's testimony. The circuit court is affirmed.

MILLER, C.J. and WUEST, HENDERSON and SABERS, JJ., participating.

AMUNDSON, J., disqualified.