#25863-a-JKM

**2011 S.D. 28**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

JEREMY D. LLOYD,                                   Claimant and Appellant,

     v.

BYRNE BRANDS d/b/a CICI'S
MIDWEST, ALLIED INSURANCE,
DAKOTALAND PIZZA, L.L.C.
and FIRST COMP,                                    Employers, Insurers
                                     and Appellees.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE SECOND JUDICIAL CIRCUIT
MINNEHAHA COUNTY, SOUTH DAKOTA

\* \* \* \*

HONORABLE WILLIAM J. SRSTKA, JR.
Judge

\* \* \* \*

BRAM WEIDENAAR of
Hoy Trial Lawyers, Prof. L.L.C.
Sioux Falls, South Dakota                          Attorneys for claimant
                                     and appellant.

\* \* \* \*

CONSIDERED ON BRIEFS
ON MAY 23, 2011

OPINION FILED **06/22/11**

RICHARD L. TRAVIS
ERIC D. DENURE of
May & Johnson, P.C.
Sioux Falls, South Dakota

Attorneys for appellee
Bryne Brands d/b/a
Cici's and Allied.


STEVEN J. MORGANS of
Lynn, Jackson, Shultz
  & Lebrun, P.C.
Sioux Falls, South Dakota

Attorneys for appellee
Dakotaland Pizza and
First Comp.

MEIERHENRY, Retired Justice

[¶1.]      Jeremy Lloyd was the general manager at CiCi's Pizza in Sioux Falls, South Dakota, which was owned by Dakota Land Pizza. In 2008, Lloyd agreed to temporarily manage two CiCi's Pizzas in Omaha, Nebraska, which were owned by Byrne Brands. Lloyd agreed to manage the Omaha CiCi's Pizzas for two months in December 2008 and January 2009. Under this agreement, Lloyd was paid his usual salary from Dakota Land. Byrne Brands then reimbursed Dakota Land for Lloyd's services. Byrne Brands reimbursed Lloyd personally for using his vehicle to travel from Sioux Falls to Omaha and between the two CiCi's restaurants in Omaha. Byrne Brands also reimbursed Lloyd for hotel expenses in Omaha, meal expenses in Omaha, and travel expenses for two prearranged trips from Omaha to Sioux Falls.

[¶2.]      On a separate, non-prearranged and unreimbursed trip between Omaha and Sioux Falls in January 2009, Lloyd was involved in a rollover accident on Interstate 29. Lloyd subsequently filed a workers' compensation claim against Dakota Land and Byrne Brands. The issue before this Court is whether Lloyd's injuries sustained when driving from Omaha to Sioux Falls arose out of or in the course of his employment with Dakota Land or Byrne Brands.

**Analysis**

[¶3.]      The facts of this case are undisputed. On these undisputed facts, the Department of Labor determined that no genuine issue of material fact demonstrated that Lloyd's injuries arose out of or in the course of his employment. The Department therefore granted Dakota Land's and Byrne Brands' motions for summary judgment. The circuit court affirmed. This Court reviews the circuit

court's decision to grant summary judgment by determining whether there are any genuine issues of material fact. *Dykstra v. Page Holding Co.*, 2009 S.D. 38, ¶ 23, 766 N.W.2d 491, 496 (citation omitted). The evidence must be viewed in the light most favorable to the nonmoving party. *Id.* Ultimately, this Court "will affirm a granting of summary judgment 'if the trial court correctly decided the legal issues[.]'" *S.D. State Cement Plant Comm'n v. Wausau Underwriters Ins. Co.*, 2000 S.D. 116, ¶ 9, 616 N.W.2d 397, 401 (quoting *Alverson v. Nw. Nat'l Cas. Co.*, 1997 S.D. 9, ¶ 4, 559 N.W.2d 234, 235 (citation omitted)).

[¶4.] "To recover under workers' compensation, a claimant must prove by a preponderance of the evidence that [he] sustained an injury 'arising out of and in the course of the employment.'" *Mudlin v. Hills Materials Co.*, 2005 S.D. 64, ¶ 7, 698 N.W.2d 67, 71 (citing SDCL 62-1-1(7)). Both the "arising out of" and "in the course of the employment" requirements must be established. *Id.* ¶ 9. "[W]hile each factor must be analyzed independently, they are part of the general inquiry of whether the injury or condition complained of is connected to the employment." *Id.* As with all workers' compensation laws, the terms used are to be construed liberally in the employee's favor. *Id.* ¶ 8. But "[g]enerally, employees injured while going to and coming from work are not covered under workers' compensation." *Id.* ¶ 7 (citing *S.D. Pub. Entity Pool for Liab. v. Winger*, 1997 S.D. 77, ¶ 19, 566 N.W.2d 125, 131 (outlining the "going and coming" rule)).

*"Arising out of" employment*

[¶5.]    The "arising out of" language requires a claimant to demonstrate that a "causal connection [exists] between the injury and the employment." *Id.* ¶ 9. "The employment need not be the direct or proximate cause of the injury, rather it is sufficient if the 'accident had its origin in the hazard to which the employment exposed the employee while doing [his] work.'" *Id.* ¶ 11 (quoting *Canal Ins. Co. v. Abraham*, 1999 S.D. 90, ¶ 12, 598 N.W.2d 512, 516). "The injury 'arose out of the employment if: 1) the employment contributes to causing the injury; 2) the activity is one in which the employee might reasonably engage; or 3) the activity brings about the disability upon which compensation is based.'" *Id.* (quoting *Grauel v. S.D. Sch. of Mines and Tech.*, 2000 S.D. 145, ¶ 12, 619 N.W.2d 260, 263).

[¶6.]    In discussing whether Lloyd's injuries arose out of his employment, both parties rely on *Mudlin v. Hills Materials*. In *Mudlin*, an employee was assigned to work on a road construction project near Faith, South Dakota. *Id.* ¶ 1. While driving to the job site from Rapid City, South Dakota, where she lived, Mudlin was involved in a one-vehicle accident. *Id.* She then filed a claim for workers' compensation. This Court ultimately affirmed the Department's decision to award Mudlin workers' compensation benefits. The decision to award benefits was premised, in notable part, on the employer's policy requiring Mudlin to drive to the job site. *Id.* ¶ 13. This Court stated that there was a "causal connection between the injuries that Mudlin sustained while traveling to the job site and her employment. Therefore, Mudlin's injuries 'arose out of' her employment." *Id.* ¶ 14.

[¶7.]     Lloyd argues that his injuries arose out of his employment because "had [he] not been assigned to work in Omaha, he would have had no need to be on I-29 where the accident occurred[.]" This contention, however, does not specifically demonstrate the causal connection between his employment and injury. It is undisputed that Lloyd was driving on I-29 because he wanted to be home for his wife's birthday. This trip was not prearranged or assigned as part of his duties. The trip was for Lloyd's benefit on his days off. And unlike in *Mudlin*, there was no company policy that required Lloyd to make the trip for the company's benefit. No aspect of the trip was in furtherance of Dakota Land's or Byrne Brands' interests. While Lloyd's employment put him in Omaha on the day of his accident, his employment did not require or compel him to return to Sioux Falls at that time. Therefore, under these facts, Lloyd has failed to demonstrate the causal connection between his employment and his injury.[1] As a result, this Court must conclude that Lloyd's injuries did not arise out of his employment. Instead, they arose from his personal decision to attend a family event independent of any company requirement or motive.

[¶8.]     Because Lloyd has failed to satisfy the "arising out of" requirement for a workers' compensation claim, it is unnecessary to address whether his injury

---

1.     In *Krier v. Dick's Linoleum Shop,* 78 S.D. 116, 120, 98 N.W.2d 486, 488 (1959), this Court held that an employee's decision to drive to dinner a short distance out of the town he was working in for the day was not a significant "deviat[ation] from the course of his employment" so as to preclude workers' compensation coverage. There, this Court reasoned that the employee had not sufficiently "stepped aside from his employment to do some act of his own not connected with or contemplated by the employment." *Id.* Here, however, that is precisely the case.

resulted "in the course of his employment." It is also unnecessary to determine whether Dakota Land and Byrne Brands are jointly liable. [2]

[¶9.]     Affirmed.

[¶10.]     GILBERTSON, Chief Justice, and KONENKAMP, ZINTER, and SEVERSON, Justices, concur.

---

2.     The parties argue that the "dual employment doctrine" must be considered here because Dakota Land Pizza "lent" Lloyd to Byrne Brands for a short time. The central issue in this case – whether workers' compensation benefits should be extended as a result of Lloyd's accident – does not depend on Lloyd's status as a dual employee. Therefore it is unnecessary to address this issue having determined that Lloyd's injuries are not compensable.