## JOE TOMETZ v. BIWABIK MINING COMPANY.[1]

May 13, 1927.

No. 25,979.

**Evidence sustained disallowance of compensation for hernia.**
    The finding of the industrial commission that the hernia did not
result from the alleged injury is sustained by the evidence.

Workmen's Compensation Acts—C. J. p. 115 n. 37.

Certiorari on the relation of the plaintiff to review an order of the
industrial commission disallowing compensation in a proceeding
under the workmen's compensation act. Affirmed.

*George H. Lommen,* for relator.
*Washburn, Bailey & Mitchell,* for respondent.

TAYLOR, C.

The claim of the relator for compensation for disability resulting
from a hernia was disallowed by the industrial commission and a
writ of certiorari brings the ruling before this court for review.

On August 27, 1925, Dr. Strobel operated on the relator and found
an indirect inguinal hernia on both sides. The doctor was of opinion
it had not existed very long as it was not large and there were no
adhesions. The relator claims that the hernia resulted from an
injury which he claims to have sustained on July 8, 1925. The
referee found that he "sustained no accident or injury on July 8,
1925, that produced the hernia," and the commission affirmed this
finding.

As the relator had the burden of proving the injury alleged and
the causal connection between the injury and the hernia, the question
presented is whether the evidence to prove these facts is so con-
clusive that the commission could not reasonably have found that
both had not been established. This case differs from several cited
by the relator in which the commission appeared to have proceeded

[1]Reported in 213 N. W. 897.

on an erroneous theory, for here neither the referee nor the commission is subject to that criticism.

The relator was one of a crew engaged in laying railway track in defendant's mine. He states that on July 8, 1925, they were moving a section of track into position by means of a crane; that he was assisting in guiding or "lining" it into place with an iron bar about six feet in length; that it was suddenly dropped upon the bar with such force that the bar was wrenched out of his hands and the upper end of it raked downward from his chest across his abdomen; and that it caused him to stoop down and double up. He says that he continued to work during the remainder of the afternoon but was "stooped down double" most of the time and did not do much of anything. None of his companions saw the accident or the doubling up, or noticed any change or anything unusual in his appearance or in the manner in which he performed his work thereafter; but two of them state that he said the bar hit him and his side was sore. He continued to work as usual until August 23, a period of about six weeks, but says he had a pain in his stomach or abdominal region during this period. Dr. Bray was the company physician and also his family physician. He went to Dr. Bray on August 13 complaining of a pain in his stomach and of nausea, and the doctor treated him for a stomach ailment. He went to Dr. Bray again on August 23. On this visit he told the doctor of the injury and says that this is the first time he had mentioned it to anyone. The doctor's examination disclosed a hernia and he advised an operation. The relator went to Duluth where he consulted other physicians and on August 27 had Dr. Strobel perform the operation.

Dr. Bray testified that the relator came to him on July 6 (two days before the injury) complaining of pain in the stomach and nausea, and said that this condition had existed for about two years. The relator does not admit this visit, but does not really deny it beyond saying he does not remember it. The doctor states that the relator came to him again on August 13 with a similar complaint, but made no mention of any injury; that he made an examination of the abdominal region and again treated him for a stomach ailment but did not examine for or discover a hernia. The doctor's

account of the third visit, that of August 23, is similar to that given by the relator. Dr. Bray was called by the respondent. Dr. Strobel and Dr. Meyers were called by the relator. There is little if any disagreement in their testimony. All say that the hernia might have resulted from an injury, but none of them go so far as to say that in his opinion it did in fact result from the injury described by the relator.

The evidence, viewed in the light of the attending circumstances, will not warrant us in saying that the relator has conclusively established that he sustained the alleged injury, or that the hernia resulted from such an injury. Under the evidence these questions were questions of fact to be determined by the commission. They reached the conclusion that the evidence failed to show that the relator had sustained an injury from which the hernia resulted; and the showing is too inconclusive to bring the case within the rule which permits this court to interfere. State ex rel. Niessen v. District Court, 142 Minn. 335, 172 N. W. 133; Schoewe v. Winona P. & G. Co. 155 Minn. 4, 191 N. W. 1009; Walker v. Minnesota Steel Co. 167 Minn. 475, 209 N. W. 635; Ott v. Standard Cattle Co. 170 Minn. 410, 212 N. W. 813; also cases cited in above cases. The decision of the commission is affirmed.