## CAROLINE R. ROSZAK v.
## UNITED STATES STEEL CORPORATION.

245 N. W. 2d 196.

July 30, 1976—No. 46033.

*Hanft, Fride, O'Brien & Harries* and *Tyrone P. Bujold,* for relator.

*Trenti, Saxhaug, Berger, Carey & Roche* and *Robert F. Berger,* for respondent.

PER CURIAM.

The United States Steel Corporation seeks review of a decision of the Workers' Compensation Board awarding dependency benefits to Caroline Roszak, guardian of decedent's children. Decedent died of a recurrent heart attack on March 6, 1972 while at work for the employer. The issue on appeal is whether the compensation board's finding that the employee's death arose out of his employment is supported by substantial evidence.

On January 18, 1970, decedent was hospitalized for a heart attack. The treating physician, Dr. J. Gibson McClelland, diagnosed the attack as aschemic heart disease with an acute coronary occlusion and myocardial infarction. Decedent was allowed to return to limited work in June 1970 and to his regular job driving a service truck in March 1971.

Several months before his death, decedent was assigned to

operate a Pettibone Loader, a diesel operated vehicle with a 3/4 cubic yard bucket. To drive the vehicle, the operator must climb approximately 5 feet from ground level to the cab by means of vertical steps and hand rails. Each morning the operator must climb to approximately the same height to check the oil level. During the course of his work day, decedent would mount and dismount the loader several times.

In February 1972 Dr. McClelland examined decedent at the request of the employer. His examination and tests indicated that decedent's heart condition had definitely changed for the worse. Because of these findings, Dr. McClelland wrote a letter to the employer informing it of the deterioration and requesting a review of the employee's duties in view of the less favorable cardiac status.

Apparently, no corrective action was undertaken. During each of the 3 weeks preceding his death, decedent worked 48 hours over 6 days. He did not work the day before his death, a Sunday, although requested to do so. On March 6, 1972, decedent was found slumped over the steering wheel of a truck on the employer's premises.

The doctors' depositions which were considered expressed conflicting opinions as to the causal relationship between decedent's employment and his fatal heart attack. Our review indicates that there was substantial evidence from which the compensation board could reasonably find that the employment was a contributing factor in bringing about decedent's death. Dudovitz v. Shoppers City, Inc. 282 Minn. 322, 164 N. W. 2d 873 (1969); Stibbs v. Northwest Airlines, Inc. 277 Minn. 248, 152 N. W. 2d 318 (1967).

Respondent is allowed $350 attorneys fees on this appeal.

Affirmed.

OTIS, JUSTICE (dissenting).

I agree with the opinions of Judge Lawrence C. Boyes, the compensation judge, and Commissioner James Pomush that the evidence does not sustain a finding that decedent's coronary fail-

ure occurred as a result of his work rather than as a natural progression of degenerative heart disease.

Judge Boyes supported his findings with the following memorandum:

"The deceased employee had previously sustained a heart attack and after a period of convalescence was returned to his regular occupation of service truck driver. The evidence indicates that he was not following his doctor's instructions as to medication prescribed, and in regard to his continuing smoking. The evidence further indicated that prior to the fatal heart attack he was engaged in operating a front-end loader, which required him to climb into a cab about five feet from the ground. The factual evidence introduced does not indicate whether or not this effort caused any symptoms. He had also worked some additional shifts just prior to the fatal attack. On the day of the fatal attack, he had climbed into the cab of a truck in order to move it out of the way and was found slumped over the wheel, expired.

"The Petitioner's medical evidence of the attending physician was to the effect that at the time, his heart condition had deteriorated to the point where he could sustain a fatal attack at any time. His doctor testified, 'The heart didn't have any capacity to withstand anything.' On that basis, the doctor testified that there was no question that he had exceeded his cardiac capacity. He indicated that it was plausible that the work effort at the time, or in the days or weeks preceding, had been a contributing factor.

"On cross-examination, the doctor testified that the immediate cause of death was the formation of a thrombus from arteriosclerosis, which caused the infarction, which was the direct cause of death. He indicated that this was a developmental condition.

"The medical witnesses called by Respondent were of the opinion that considering the employee's condition, the fatal attack was a natural result of progression of heart disease, regardless of the particular activity at the time. Petitioner's medical expert, on cross-examination, indicated he had no knowledge of the ac-

tual exertion the employee was involved in when the fatal attack occurred. Witnesses called indicated that they did not observe anything unusual about the employee in regard to perspiring or any other factors that could be considered as symptoms of a heart attack.

"In the instant case, as in all heart attack cases, we have the issue as to whether the exertion involved in the employee's work was of sufficient degree that it can be said the fatal attack was the result of work effort involved and not due to the natural progression of degenerative heart disease.

"While it has been held that a strain or effort need not be unusual or other than occurring in the normal course of employment, Peterson vs. Rubberoid Co., 261 Minn. 497, 113 N. W. 2nd 85, 22 Minn. W. C. D. 106, however, it must be shown that the stress or exertion was to such a degree that it constitutes proof by a fair preponderance of the evidence that the coronary failure occurred as a result of work and not due to the natural progression of degenerative heart disease. Fleischer vs. State of Minnesota, 247 Minn. 396, 77 N. W. 2nd 288, 19 Minn. W. C. D. 12, Brumfield vs. Hennepin County, 21 Minn. W. C. D. 29.

"In the instant case, it is clear that the employee's condition had deteriorated to the extent that any activity could exceed his capacity.

"The factual evidence introduced indicated that he was doing such activities as climbing up and down the front-end loader, operating the front-end loader, and at the time of the fatal attack had climbed into the cab of a truck. However, there is no evidence as to the effect of these activities on his condition. Therefore, we are of the opinion, the evidence does not establish the work effort was any more the probable cause than was natural progression of heart disease, and, therefore, the burden of proof has not been sustained."

Commissioner Pomush would affirm the compensation judge and filed a dissenting opinion as follows:

"In Brumfield vs. Hennepin County, 21 W.C.D. 29, Dr. Moses Barron, the late and noted internist of our area, stated:

" 'Therefore, in my opinion, I have used and continue to use the fact that if we have physical strain or stress or emotional stress and strain which is not much in excess of what we ordinarily do in our daily life, I would not consider them as factors causing death because otherwise we would say that the real cause of death was being alive.'

In the instant case, there is no evidence of strain or exertion— merely being alive and doing the ordinary things of movement. The evidence is that, unfortunately, the employee died of his deteriorating heart disease. See Brumfield, supra, Dudovitz v. Shoppers City, 282 Minn. 322, 164 N. W. (2d) 873, 24 W.C.D. 735; and Stibbs v. Northwest Airlines, 277 Minn. 248, 152 N. W. (2d) 318, 24 W.C.D. 233.

"I concur with the Compensation Judge."

In my opinion, all of the evidence before the board negates a finding that the decedent's death was work related except an isolated statement by one doctor which I construe to mean it was "conceivable" that decedent's work activity was a "contributing factor." It seems clear to me, as it did to the compensation judge and Commissioner Pomush, that any activity on the part of decedent, whether work related or otherwise, was sufficient to precipitate the coronary occlusion from which the employee died. The mere happenstance of death occurring at a place of employment rather than at an employee's home should not automatically give rise to an award of benefits, as a majority of the board seems to consistently hold.

PETERSON, JUSTICE (dissenting).

I join in the dissent of Mr. Justice Otis. The evidentiary support for the board's findings is, at most, only slightly greater than the grounds found to exist supporting the decision in Kleman v. Ford Motor Co. 307 Minn. 218, 239 N. W. 2d 449 (1976).