**Charles DEUSCHLE, Plaintiff and Appellant,**

v.

**BAK CONSTRUCTION COMPANY, and Western Insurance Company, Defendants and Appellees.**

**No. 16369.**

Supreme Court of South Dakota.

Considered on Briefs Feb. 17, 1989.

Decided June 28, 1989.

N. Dean Nasser, Jr. of Nasser Law Offices, Sioux Falls, for plaintiff and appellant.

Comet Haraldson of Woods, Fuller, Shultz & Smith, Sioux Falls, for defendants and appellees.

MORGAN, Justice.

This is the final leg of an administrative appeal by Charles Deuschle (Deuschle) from a decision of the South Dakota Department of Labor (Department), which denied Deuschle's worker's compensation claim. We affirm.

Deuschle smoked a pack and a half of cigarets daily for many years and had a family history of heart disease. He was employed by Bak Construction Company (Bak) as a motor grader operator for approximately three months when he began suffering chest pains. On Sunday, October 14, 1984, Deuschle developed chest pains while watching television at home. These pains subsided and Deuschle was able to sleep. The next day he reported for work and while at work, again experienced chest pain. The chest pain occurred again throughout the day but would subside af-

ter Deuschle would rest a few minutes. He was able to finish his normal shift.

Upon returning home, Deuschle had dinner, sat down to watch television and again experienced chest pain. This time the pain was so severe that he was admitted to the hospital in Pierre and treated by a family physician, and Dr. Hoffsten (Hoffsten) an internist. The next day, he was transferred to Sioux Falls and Dr. Charles O'Brien (O'Brien), a cardiologist, became involved. O'Brien diagnosed severe coronary obstruction in three coronary arteries and Deuschle subsequently underwent by-pass surgery.

In 1985, Deuschle filed a worker's compensation claim against Bak and Western Insurance Company (Insurer). After a hearing, Department concluded that Deuschle had failed to meet his burden of proving a causal connection between his employment and the disability. The trial court affirmed. On appeal, Deuschle raises the following issue: Whether Department's finding is clearly erroneous in light of the entire evidence in the record.

Our standard of review in this case is governed by SDCL 1–26–36. This requires us to "give great weight to the findings made and inferences drawn by [Department] on questions of fact." *Id.; Finck v. Northwest School Dist. No. 52–3*, 417 N.W.2d 875 (S.D.1988). Further, we review the record in the same light as does the trial court and determine whether or not Department's decision was clearly erroneous in light of all the evidence. *In re Northwestern Bell Tel. Co.*, 382 N.W.2d 413 (S.D.1986). However, on questions of law, we may "interpret statutes without any assistance from the administrative agency." *Permann v. S.D. Dept. of Labor*, 411 N.W.2d 113, 117 (S.D.1987).

No injury is compensable under worker's compensation statutes unless it "arises out of and in the course of employment." SDCL 62–1–1(2). In *Roberts v. Stell*, 367 N.W.2d 198 (S.D.1985), we discussed the term "arising out of and in the course of employment." We said that to be compensable the injury must have "its origin in the hazard to which the employment exposed the employee while doing his work." *Id.* at 199.

*Kirnan v. Dakota Midland Hosp.*, 331 N.W.2d 72, 74 (S.D.1983), is the controlling case in worker's compensation heart claims. In that case we said:

The fact that an employee dies from a heart attack at his usual place of employment and during his usual hours thereof is not sufficient, in itself, to impose coverage under the Workmen's Compensation Act. The *claimant has the burden of establishing a causal connection between the employment and the disability*. In other words, it must be shown that the *heart attack was brought on by strain or overexertion incident to the employment*, even though the exertion or strain need not be unusual or other than that occurring in the normal course of the employment. (Citation omitted.) (Emphasis added.)

In *Kirnan*, the attending physician testified as to the claimant's condition and as to the disability stemming from her heart attack. He testified that her heart attack was brought on by her work on that day. He was extensively cross-examined as to the exact work performed that day and its connection to her heart attack. He conceded that claimant may have had a coronary condition for many years, but "the precipitating event of the coronary occlusion ... was the work she was doing that day...." 331 N.W.2d at 75. The physician's testimony thus clearly established the requisite causal connection between the work being performed and Kirnan's heart attack.

We have held that "to establish the causal relationship between one's employment and his subsequent heart attack, a finding must rest on the testimony of professionals because the field is one in which laymen are not qualified to express an opinion." *Wold v. Meilman Food Industries*, 269 N.W.2d 112, 115 (S.D.1978). Further, we cited *Holmes v. Bruce Motor Freight, Inc.*, 215 N.W.2d 296 (Iowa 1974), for the proposition that "a possibility is insufficient and a probability is necessary." *Wold*, 269 N.W.2d at 116.

In *Wold*, the testimony of claimant's doctor implied that claimant's employment was a "competent producing cause" of the mild cardiac infarction, that it was "more in the range of possibility than probability," and that it was a "contributing or aggravating factor." We held that this testimony was defective on two counts. First, it did not assign the contributing or aggravating cause of the heart attack to the two-week period prior to the attack. Secondly, the doctor termed the employment as a possible contributing cause and not a probability. *Id.*

We made a similar holding in *Lawler v. Windmill Restaurant*, 435 N.W.2d 708 (S.D.1989). In that case, we said:

A careful review of the medical evidence reveals that Lawler failed to meet this burden [demonstrating a causal connection between her work as a fry cook and her coronary heart disease]. In their depositions, neither [doctor] stated that the myocardial event caused Lawler's permanent disability or that her work at Windmill caused or contributed to the heart disease she suffers.

*Id.* at 710.

Whether Deuschle's angina was caused by his employment is a question of fact. Department found that Deuschle "has failed to meet his burden of proving a causal connection between his employment and the disability." After review of the record, we do not find this decision clearly erroneous.

Like *Lawler*, Deuschle suffered from angina pectoris, chest pain or discomfort a person suffers due to deficient oxygenation of the heart muscle, brought about as the result of a preexisting coronary artery disease. The medical experts in this case both concluded that Deuschle's coronary artery disease developed over many years.

Hoffsten's opinion was that Deuschle's work had not contributed to the coronary artery disease itself but that when the angina occurred at work, the oxygen demands of his heart exceeded the oxygen delivery capability of his arteries. "I can say with medical certainty that the activity Mr. Deuschle was engaged in at the moment he encountered the angina pectoris was a *factor* in causing this problem. Now what you cannot say is that it caused the restriction in the coronary artery."

Dr. O'Brien's testimony was even less advantageous to Deuschle. He was asked: "Are you able to state based on reasonable medical certainty whether or not, given the facts of the case as described, the work would have been irrelevant to the process? ... Or whether it was an active factor?" He replied, "I can't state either way."

When O'Brien was asked: "Can you state with reasonable medical certainty based on what you know right now in your examinations of Mr. Deuschle, all the reports you've seen, that his job on the 15th of October was a causal factor in his heart problems of October, 1984?", he replied: "Stated the way you ask the question, I can't say with medical certainty that it was." Dr. O'Brien never deviated from this opinion. Further, when asked, Hoffsten agreed with O'Brien's opinion.

As we stated above, *Kirnan* is the controlling case in worker's compensation heart claims. This case is factually distinguishable from *Kirnan*, however. In this case, although one doctor stated that his work could be a factor in the angina pectoris he had on October 15, 1984, there is no expert medical testimony that states clearly and unequivocally that the precipitating cause of Deuschle's heart problems was the work he did that day. For this reason, Deuschle has failed to establish a sufficient causal connection between his employment and the resulting disability. *Kirnan*, 331 N.W.2d at 74. Therefore, we affirm the trial court.

WUEST, C.J., and SABERS and MILLER, JJ., concur.

HENDERSON, J., concurs with writing.

HENDERSON, Justice (concurring).

I have no quarrel with the authorities cited in this case nor with this Court's scope of review on the evidence presented herein. Therefore, I can fully concur as Deuschle did not meet his burden of proof

on establishing a causal connection.  However, I write only to say that I fervently disagree with this Court's decision in *Lawler v. Windmill Restaurant*, 435 N.W.2d 708, 711 (S.D.1989) (Henderson, J. dissenting), for the reason that there were errors of law in the review of deposition testimony and I truly believe that the assessment of the evidence was wrong and "clearly erroneous".  Fundamentally, we must review these cases, concerning heart attacks which happen during employment, on each set of facts presented to us by the record.