Pearl SUDRLA, as personal representative and surviving wife of Charles Sudrla, Deceased, Plaintiff and Appellant,

v.

COMMERCIAL ASPHALT AND MATERIALS (Employer) and Aetna Life & Casualty (Insurer), Defendants and Appellees.

No. 17109.

Supreme Court of South Dakota.

Considered on Briefs Nov. 29, 1990.

Decided Jan. 23, 1991.

Lee Ann Pierce, Fite Law Office, Brookings, for plaintiff and appellant.

Sara L. Burnette, Woods, Fuller, Shultz, and Smith, Sioux Falls, for defendants and appellees.

HENDERSON, Justice.

### PROCEDURAL HISTORY/ISSUES

Pearl Sudrla (Mrs. Sudrla) petitioned the Department of Labor (Department) for an award of benefits associated with her husband's (Mr. Sudrla) heart attack which occurred on July 1, 1988. A hearing was held on September 1, 1988. The Department concluded that Mrs. Sudrla failed to prove a causal connection between Mr. Sudrla's fatal heart attack and his employment. Thus, the Department denied worker's compensation benefits. This decision was affirmed by the circuit court on February 13, 1990. On appeal, Mrs. Sudrla alleges that:

(1) The circuit court erred in concluding that the hearing examiner was not clearly erroneous in determining that there was no causal connection between Mr. Sudrla's death and his employment.

(2) The circuit court's review of the issue of the causal connection between Mr. Sudrla's death and his employment should have been de novo.

### FACTS

Mr. Sudrla was employed by Commercial Asphalt & Materials as a crusher operator's helper when he suffered a myocardial infarction (heart attack) on July 1, 1988. His duties included greasing the gravel crushing machine, watching for malfunctions, and stopping the machine when it malfunctioned. Mr. Sudrla worked approximately 8½ hours that day; there were no

trees or shade and he worked in the open sun, in a temperature in excess of 90 degrees. Immediately prior to the attack, the gravel crushing machine had malfunctioned when a v-belt slipped and the machine started throwing gravel. Mr. Sudrla was in the process of tightening the v-belt when he collapsed.

At the time of his death, Mr. Sudrla was 60 years old. He was 20 to 25 pounds overweight. Mr. Sudrla had been a cigarette smoker for many years and had a history of excessive use of alcohol.

At the Department hearing, three doctors testified. The Department found as follows: according to Dr. Dappen, Mr. Sudrla's heart attack was caused by underlying predisposing factors for coronary artery disease and not because of work; according to Dr. Gere, the heat possibly could have been a factor * in Mr. Sudrla's heart attack; and according to Dr. Hoffsten, "within reasonable medical certainty" per the question to him, answered that "it would be my opinion that his death was contributed to by the demands of excessive heat and the exertion of work as a crusher's helper, that these were factors contributing to his death." The Department determined that Mrs. Sudrla failed to meet her burden of proof as to a causal connection between her husband's fatal heart attack and his employment.

Mrs. Sudrla appealed this decision to the circuit court alleging three errors by the Department as follows:

(1) Did the hearing examiner err by applying a test requiring that the heat be a substantial contributing factor in Mr. Sudrla's heart attack;

(2) Did the hearing examiner err in determining that the risk endured because of the heat by Mr. Sudrla was no greater than that endured by the public at large; and

(3) Did the hearing examiner err in concluding that the heat was not a contributing factor in Mr. Sudrla's death.

* Q: So it is your opinion that the heat in this case would have been a precipitating, aggravating or contributing factor in this man's death?

The circuit court agreed with Mrs. Sudrla that the Department committed mistakes of law as to issues 1 and 2. However, the circuit court decided that the Department did not err as to issue 3, concluding that Mrs. Sudrla failed to prove a causal connection between the heat and her husband's death.

We reverse and remand, determining that the hearing examiner erred by applying a test requiring that the heat be a substantial contributing factor in Mr. Sudrla's death. We decline to address the remaining issues.

## DECISION

*The hearing examiner erred by applying a test requiring that the heat be a substantial contributing factor in Mr. Sudrla's heart attack.*

In the area of worker's compensation, it is clear that no injury is compensable unless it "arises out of and in the course of employment." SDCL 62–1–1(2); *Wilcox v. City of Winner,* 446 N.W.2d 772 (S.D. 1989); *Roberts v. Stell,* 367 N.W.2d 198 (S.D.1985). In *Roberts,* we discussed the term "arising out of and in the course of employment." We stated that to be compensable, the injury must "have its origin in the hazard to which the employment exposed the employee while doing his work." *Deuschle v. Bak Const. Co.,* 443 N.W.2d 5 (S.D.1989).

South Dakota law further requires a showing that employment be *a contributing factor* in the injury suffered. It must be established that the heart attack was brought on by strain or overexertion incident to the employment, though the exertion or strain need not be unusual or other than that occurring in the normal course of employment. *Kirnan v. Dakota Midland Hosp.,* 331 N.W.2d 72, 74 (S.D. 1983); 1A Larson, *The Law of Workmen's Compensation,* Sec. 12.26, at 3–348.71 (1985); *Harden v. S.D. Credit Union League, Inc.,* 87 S.D. 433, 209 N.W.2d 665

Dr. Gere: Definitely a contributing factor.

(1973); *Oviatt v. Oviatt Dairy Inc.*, 80 S.D. 83, 119 N.W.2d 649 (1963). However, the Department did not apply this requirement correctly. Finding of Fact XXI states:

> Dr. Hoffsten, who had never met Mr. Sudrla, testified by deposition that while the heat was a contributing factor, he couldn't say it was *a substantial factor* in comparison with Mr. Sudrla's predisposing health factors.

It is not a requirement under South Dakota law that the work related factor contributing to the heart attack be a "substantial" contributing factor as held by the Department. This position, taken by the Department, is not supported by the law in South Dakota and no authority for its position was cited.

■ This misplaced reliance on a "substantial contributing factor" test is a mistake of law. When an issue is a question of law, the decisions of the administrative agency and the circuit court are fully reviewable. *Permann v. Dept. of Labor Unemployment Ins. Div.*, 411 N.W.2d 113 (S.D.1987). Clearly, the Department failed to apply the correct law as expressed in *Kirnan*. Also, the circuit court committed further error by adopting the Department's Findings of Fact and Conclusions of Law on this issue.

Reversed and remanded.

MILLER, C.J., WUEST and SABERS, JJ., and MORGAN, Retired Justice, concur.

HERTZ, Circuit Judge, acting as a Supreme Court Justice, not participating.