WILSON, Appellant, v. DAKOTA LIGHT & POWER COMPANY, Respondent.

(186 N. W. 828.)

(File No. 4964.  Opinion filed February 8, 1922.  Rehearing denied March 10, 1922.)

1.  **Workmen's Compensation—Injury to Employee of Manufacturer, Vendors, of Light, Power and Electrical Supplies—Findings of Industrial Commissioner and Arbitration Board, Rule Re Sustaining Same.**

Under Workmen's Compensation Law, (Secs. 9436-9491, Code 1919), held, (following Day v. Sioux Falls Fruit Co., 177 N. W. 816) that where there is any reasonable or substantial evidence tending to establish findings of such Board and Commissioner, such findings are not subject to review. So held, in absence of finding of Arbitration Board of such Commissioner as to what decedent's employment was, or from which any inference as to whether accident arose out of or in course of his employment might be drawn, the facts as to what were decedent's duties as found by trial court, being fully sustained by evidence.

2. **Same—Manufacturers and Vendors of Electric Light and Power and Selling Supplies, Injury to Chief Engineer—Enlarging Power Plant, Engineer Assisting in Removing Wall, Whether Within Scope of Employment.**

Where plaintiff's dependent son, employed as chief engineer of defendant concern engaged in production and sale of electric light and power and in selling electrical supplies, and the terms of whose employment required him to attend to everything pertaining to running machinery inside the plant and no other work, assisted in the removal of a wall in the power plant, which removal was part of the process of enlargement of the plant, by using a "pinch bar" in digging the support out from under one side of the wall resulting in the wall falling upon and killing him; held, that such assistance was unconnected with and not incident to the performance of his duties as chief engineer. So held, against the contention that he was thus working in his employer's interest and that therefore such work should be regarded as in course of his employment within the meaning of Workmen's Compensation Law (Secs. 9436-9491, Code 1919.)

3. **Same—Scope of Employment Within Rule of Recovery, As Requiring Casual Connection Between Surrounding Conditions and Resulting Injury.**

The rule generally adopted by courts is that a workman cannot recover under the Workmen's Compensation Law unless the injury was received while he was acting within scope of his employment, and unless there was a sausal connection between the conditions surrounding the performance of his work and the resulting injury; and the accident must result from a risk reasonably incident to the employment. Under such rule the duties of decedent, as chief engineer of defendant concern engaged in the production and sale of electric light and power and of selling electrical supplies, did not expose him to the danger of the falling wall under the circumstances shown.

Smith, J., dissenting.

Appeal from Circuit Court, Moody County. Hon. Louis L. FLEEGER, Judge.

Action by Arthur A. Wilson, dependent father of Herbert L. Wilson, deceased, against the Dakota Light & Power Company, a corporation, to recover damages resulting from the death of decedent under Workmen's Compensation Law. From a judgment for defendant, and from an order denying a new trial, plaintiff appeals. Affirmed.

*Frederick A. Warren, Robert J. Gamble,* and *Bates, Johnson & Simons,* for Appellant.

*Rice & Rice,* for Respondent.

(2) To point two of the opinion, Appellant cited: Vol. 1, Words & Phrases, (Second series) 1106-7; Robards v. P. Bannon Sewer Pipe Co. (Ky.) 132 A. S. R. 394; Monographic Note to Eugene Deitzen v. Industrial Board (Ill.) Ann. Cas. 1918B, 807; Elk Grove School v. Industrial Commission (Cal.) 15 Negligence & Compensation Cas. Ann. 148, and Monographic Note; Hartz v. Hartford Faience Co. (Conn.) 97 Atl. 1021; State v District, 129 Minn. 176, 151 N. W. 912.

Respondent cited: Workmen's Compensation Acts, A Corpus Juris Treatise, Sec. 73, p. 82; Central Garage v. Industrial Com'n., 286 Ill. 291, 121 N. E. 587; State v. District, supra.

POLLEY, J. Appellant filed a claim against the respondent for compensation under the terms of the Workmen's Compensation Law (Rev. Code 1919, §§ 9436-9491), for the death of his son, Herbert L. Wilson, who was killed while in the employ of the respondent on the 29th day of July, 1918. The defendant resisted the claim, and a board of arbitration was appointed under the terms of the law. Testimony was taken, and the board found that the decedent's death was caused by an accident which "arose out of and in the course of his employment." An award was made accordingly. Upon demand made by the respondent the case was reviewed by the Industrial Commissioner, who affirmed the findings and award of the board of arbitration. From this award the defendant appealed to the circuit court of Moody county. The case was tried by the court without a jury upon the evidence taken before the board of arbitration. The trial court found that the decedent's duties, under the terms of his

12—Vol. 45, S. D.

employment, were to keep the engines and producers in proper condition and to attend to everything pertaining to the running of the machinery inside the plant, and that he was not employed or authorized to do any other work or discharge any other duty; that the accident which caused decedent's death did not arise out of and was not in the course of his employment and was not incidental thereto; that in doing the work he was engaged in at the time of the accident he was a mere volunteer and doing work not in the course of his employment. Conclusions of law and judgment were entered accordingly, and from such judgment and an order denying his motion for a new trial plaintiff appeals.

[1] Appellant's first proposition is stated as follows:

"Where there is any reasonable or substantial evidence tending to establish the findings of such board and the Commissioner, such findings are not subject to review."

[2, 3] Such has already been declared to be the rule of this court. Day v. Sioux Falls Fruit Co., 43 S. D. 65, 177 N. W. 816; Shaw v. Harms, 184 N. W. 204, and cases cited. But neither the board of arbitration nor the Industrial Commissioner made any finding as to what decedent's employment was, or from which any inference as to whether the accident arose out of or in the course of his employment might be drawn. The facts relative to what were decedent's duties, as found by the trial court, are fully sustained by the evidence. In support of the finding by the trial court that in doing the work he was doing at the time of the accident the decedent was a mere volunteer, the evidence shows that the defendant is a corporation engaged in the production and sale of elcetric light and power and selling electrical supplies. At, and for some time prior to, the time of the accident, decedent was employed by defendant as its chief engineer. During the summer of 1918 defendant enlarged the building which inclosed its power plant and office. Such enlargement required the removal of one of the old walls adjoining the engine room. This wall was composed of hollow tile and cement. A bricklayer and plasterer were engaged to tear down and remove it. These parties were taking the wall down from the top. Decedent, thinking to expedite the work, took a "pinch bar" and proceeded to dig the support out from under one side of the wall. The result was

that the wall fell over, and decedent being unable to get out of its way, the wall fell on him, causing his death.

It is contended by appellant that in his attempt to help in tearing the wall down he was working in his employer's interest, and that therefore such work should be held to be in the course of his employment within the meaning of the law.   It is also contended that it was the custom of decedent to do occasional small jobs not strictly in line with his regular employment, and that defendant knew of such practice; but there is no evidence to show that defendant had any such knowledge, and defendant's superintendent testified positively that he had no such knowledge. The work decedent was attempting to do when injured was in no wise connected with or incidental to the performance of his duties. There was no emergency that called for his assistance.   There was no more justification for his attempt to assist in tearing down the wall than there would have been for one of the bricklayers to have gone into the engine room and undertaken to operate the engines or dynamos.   Had a bricklayer, believing he could further his employer's business by helping to operate a dynamo, made the attempt, and been electrocuted, he nor his dependents would hardly be in a position to claim that the accident arose out of or in the course of his employment.   Yet the bricklayer would have been no more out of place in the engine room than the decedent in this case was in attempting to tear down the wall.   The rule that appears to be generally adopted by the courts is that a workman cannot recover under the Workmen's Compensation Law unless the injury was received while he was acting within the scope of his employment, and unless there was a "causal connection between the conditions surrounding the performance of his work and the resulting injury."   Mann v. Knitting Co., 90 Conn. 116, 96 Atl. 368, L. R. A. 1916D, 86.   The accident must result from a risk reasonably incident to the employment.   The duties of the decedent as chief engineer of the defendant did not expose him to the danger of the falling wall.   Haas v. Light & Power Co., 109 Kan. 197, 198 Pac. 174, and cases cited.   The evidence fully supports the finding by the trial court that the accident that caused decedent's death did not arise out of nor in the course of his employment.

. The judgment and order appealed from are affirmed.

SMITH, J. (dissenting.)   I regret that I cannot concur in the conclusion reached by my majority associates in this case.

The courts, generally, appear to be in hopeless confusion in their attempts to define the phrase "arising out of and in course of his employment," found in practically all of these statutes. The line of decisions construing and applying this phrase, cited by appellant, seems to me to be more consistent with the real purposes of such laws than the decisions which interpret the phrase strictly and technically.   The finding and award of the board of arbitration, approved by the Commissioner, are in accord with the liberal view of the statute, and I think there is evidence in the record sufficient to sustain the findings of the board.   Bushman, the manager, only testified that he did not remember Wilson's doing the things testified to by Billam.

Doubtless the views expressed by my majority associates, which reflect the strict, technical construction and application of the statute, will become the law of this jurisdiction, and a further elaboration of my own views would serve no useful purpose.   I shall therefore refrain from a discussion of either the law or the facts.