### SIMPSON v. LEE & CADY.

1. Workmen's Compensation—Liberal Construction—Purpose of Act.

The compensation law is to be construed liberally to provide indemnity for accidents peculiarly incidental to employment, but it was not intended to be health, accident and old age insurance and spread general protection over risks common to all and not arising out of and in the course of employment.

2. Same—Fall Near Premises on Way to Work.

Death of 77-year old employee on way to work from fall on slippery public sidewalk in front of employer's premises as he was

reaching for door handle *held,* not to have arisen from and out of employment, where travel to and from the place of work was not a part of the employment and the hazards of travel were not incident to or causally connected with the activities encompassed by the employment, notwithstanding arm outstretched toward door was extended over the property line, as the employee's work had not yet begun within the meaning of the workmen's compensation act.

3. SAME—RELATION BETWEEN ACCIDENT AND EMPLOYMENT.

Since a precise or comprehensive definition will not well serve to determine the relation between the accident and the employment of the employee for whose injuries or death recovery is sought under the workmen's compensation act, the problem is left to be worked out by the process of exclusion and inclusion in particular cases.

Appeal from Department of Labor and Industry. Submitted June 7, 1940. (Docket No. 59, Calendar No. 41,166.) Decided September 6, 1940.

Mary Simpson, widow, presented her claim for compensation for the death of her husband, Fred Lewis Simpson, against Lee & Cady, his employer, and American Mutual Liability Company, insurer. Award to plaintiff. Defendants appeal. Reversed.

*De Vere Kostoff,* for plaintiff.

*Alexander, McCaslin & Cholette (E. Dean Alexander,* of counsel), for defendants.

BUTZEL, J. Plaintiff is the widow and sole dependent of Fred Simpson, deceased, who died as the result of an accidental injury sustained from a fall on February 28, 1939. At the time of the injury he was 77 years of age and was employed as a clerk in defendant Lee & Cady's wholesale house in Bay City, Michigan. He left his home at about 7 o'clock in the morning on the day of the accident

and traveled by bus to the place of his employment. His bus stopped on the side of the street opposite an entrance to defendant's store and he was helped across the street by a fellow employee, who was also a passenger on the same bus, and a porter of defendant who had seen Mr. Simpson get off. Apparently the fellow employees proffered their help because the streets and sidewalks were very slippery. Defendant's building was constructed flush with the public sidewalk, and there was a single step about 10 inches high leading from the public sidewalk up to the door in the entranceway. The crossing of the street was made safely with the help of the two kindly employees; we are told that when they reached the entrance, Mr. Simpson insisted on proceeding alone. He was within a few inches of the entrance when he extended his right arm to take hold of the door handle. The reach did not result in a grasp, for at that moment his right foot, yet on the sidewalk, slipped, and he fell to the sidewalk. The department found that in reaching for the door his hand extended across the property line of defendant's premises. An award was granted on the ground that the injury took place while the deceased was "in the immediate vicinity of, and in the immediate act of entering upon his employment by the defendant," and that, therefore, the hazard was borne by the employment.

It is conceded that deceased's travel to and from the place where his duties were to be performed was not a part of the employment (*Dent* v. *Ford Motor Co.*, 275 Mich. 39; *Voehl* v. *Indemnity Insurance Company of North America*, 288 U. S. 162 [53 Sup. Ct. 380, 87 A. L. R. 245]; *Furino* v. *City of Lansing*, 293 Mich. 211), and that the instant case is not within the exception where the hazards of travel are incident to, or causally connected with,

the activities encompassed by the employment (*Morse* v. *Railroad Co.*, 251 Mich. 309; *Bisdom* v. *Kerbrat*, 251 Mich. 316; *Konopka* v. *Jackson County Road Commission*, 270 Mich. 174 [97 A. L. R. 552]; *Shane* v. *Alexander*, 277 Mich. 85). Plaintiff seeks to support the award on the ground that the accident had its origin in a risk connected with the employment. It is claimed that the employee fell because of "the combination of a slippery condition and the effort to enter the doorway which facts are inseparable and as one, whereby the act of entering not only was a causative danger different than that of a pedestrian but as well necessarily relates the accident to the employment." The argument is too frail a reed to support the award. The compensation law is to be construed liberally to provide indemnity for accidents peculiarly incidental to employment, but it was not intended to be health, accident and old age insurance and spread general protection over risks common to all and not arising out of and in the course of employment. The deceased was not by reason of his employment subjected to a peril of the street different in kind from that of any other pedestrian; his work had not yet begun within the meaning of the compensation act. *Hopkins* v. *Michigan Sugar Co.*, 184 Mich. 87 (L. R. A. 1916A, 310); *Hills* v. *Blair*, 182 Mich. 20 (7 N. C. C. A. 409); *Stocker* v. *Southfield Co.*, 244 Mich. 13; *Reed* v. *Bliss & Van Auken Lumber Co.*, 225 Mich. 164; *Geibig* v. *Ann Arbor Asphalt Construction Co.*, 238 Mich. 560; *Ryan* v. *City of Port Huron*, 234 Mich. 648. Nor does the fact that an arm was stretched over the property line of the employer's premises suffice to establish the causal relation. In *Hills* v. *Blair, supra*, it was said that one of the tests sometimes applied to determine the relation between the accident and the employment is whether

the workman is still on the premises of his employer. It was said there that ''This, while often a helpful consideration, is by no means conclusive.'' *Cf. Babl* v. *Railway Co.,* 272 Mich. 184. In this situation a precise or comprehensive definition will not serve us well; we shall leave the problem to be worked out by the process of exclusion and inclusion in particular cases rather than by applying ''a fixed standard of measurement'' (*Grieb* v. *Hammerle,* 222 N. Y. 382 [118 N. E. 805, 7 A. L. R. 1065]; *John Stewart & Son* v. *Longhurst,* 1917 A. C. 249 [86 L. J. K. B. N. S. 729, 116 L. T. N. S. 763, 10 B. W. C. C. 266, Ann. Cas. 1917 D, 196]). In the case before us, the cause or source of the mishap had no proper connection with the employment so as to come within the aegis of the compensation law. *Hopkins* v. *Michigan Sugar Co., supra.*

The award is vacated. Costs to defendant.

BUSHNELL, C. J., and SHARPE, CHANDLER, NORTH, McALLISTER, and WIEST, JJ., concurred. The late Justice POTTER took no part in this decision.