STURGIS, Chief Judge.
In a proceeding under the Workmen’s Compensation Law an order was entered awarding disability benefits, payable in installments, to Eulie W. Russell, the employee, who then filed with the Deputy Commissioner a petition under Section 440.-20(10) Florida Statutes, F.S.A., for an order requiring a lump sum payment to be made in lieu of installment payments.
In the case of Sullivan v. Mayo, Fla.App., 106 So.2d 4, filed subsequent to the orders involved in this proceeding, we held that under the Workmen’s Compensation Law deputy commissioners have no jurisdiction beyond that specifically conferred by statute, and that they have no-authority to adjudicate’ an application for a lump sum payment in lieu of installment payments. We further held that under Sec. 440.20(10), F.S., F.S.A., it is the sole prerogative of the Full Commission to adjudicate such applications, although the Commission may delegate to a deputy commissioner or any other duly authorized representative or subordinate agent the duty of conducting a hearing and making recommendations on such issues under such reasonable rules and regulations as it may promulgate. Not having the benefit of our holding in that case, the Deputy Commissioner, without authority so to do, entered what purports to be an order granting the mentioned petition of the employee for a lump sum payment. Within seven days thereafter, and prior to payment of any disability benefits, the employee died from causes unrelated to the compensable injury, The employer and his insurance carrier under the Workmen’s Compensation Law then petitioned the Deputy Commissioner to rescind his last mentioned order and direct that disability benefits be paid on the installment basis as originally required and only in such amount as had accrued prior to the employee’s death. That petition was resisted by the adminis-tratrix of the estate of the deceased employee, in her relation as the successor in interest to his disability benefits, and the Deputy Commissioner — again acting without authority — entered what purports to be an order denying the petition.
On review by the Florida Industrial Commission of the action of the Deputy Commissioner in denying the last mentioned petition of the employer and its insurance carrier, the Full Commission entered an order which had the effect of reinstating the original order awarding disability benefits on an installment basis and of limiting the amount payable to that which had accrued prior to the employee’s death.
*283 The employee’s executrix seeks a writ of certiorari from this court to review the order of the Full Commission and contends: First, that the order of the Deputy Commissioner purporting to grant a lump sum payment became final twenty days after it was entered, notwithstanding the application for modification thereof; secondly, that the order of the Deputy Commissioner awarding lump sum benefits operated to vest in the employee and his successors in interest the right to receive the full amount fixed therein, unaffected by the untimely death of the employee.
It is seen that the above contentions are based on the erroneous assumption that the Deputy Commissioner had lawful authority to resolve initially the question of the employee’s entitlement to lump sum benefits. As no such authority exists under the statute, it cannot be conferred by acquiescence or failure to raise the jurisdictional question. The purported order of the Deputy Commissioner was and remains a nullity.
The only other point for determination is whether the order of the Full Commission operates as a final adjudication and denial of petitioner’s attempt, as successor in interest of the employee, to receive a lump sum payment under the provisions of Section 440.20(10), Florida Statutes, F.S. A.
Under the Workmen’s Compensation Law compensation for disability is payable only for the period of the employee’s disability. Award of compensation or the approval of a lump sum payment of compensation does not constitute ■a final judgment, for by Section 440.28, Florida Statutes, F.S.A., orders awarding compensation are subject to modification where there is a change in condition or a mistake in a determination of fact upon which the award is predicated. Subject only to the time limitation provided by the statute, the compensation award can be increased, decreased, or terminated entirely. This affords a flexible method by which the general purpose and intent of the Workmen’s Compensation Law can be best served, and in practice will doubtless be found to be of greater service to the employee than to the employer.
Disability under the Workmen’s Compensation Law has been defined as incapacity because of the compensable injury to earn in the same or other employment the wages which the employee was receiving at the time of the injury. It follows that where the death is unrelated to the occupational injury, as in this case, there can be no compensation based thereon.
Although the Full Commission erred in recognizing authority in the Deputy Commissioner to act on the subject of the lump sum payment, it was correct in concluding, as a matter of law, -that claimant’s death marked the terminal point of the period during which compensation was payable for the injury incurred in the industrial accident.
At no time has there been a judicial determination that the injured employee here involved was entitled to a lump sum payment of compensation. For that reason alone we must and do hold that the Full Commission was correct in its ultimate conclusion that the petitioner, as adminis-tratrix of the estate of the deceased employee, is entitled to receive only such sum as accrued to the employee prior to death and in accordance with the installment schedule contained in the order by which compensation was originally awarded to him.
Certiorari is therefore denied.
CARROLL, DONALD, and WTGGIN-TON, JJ., concur.