**Dorothy ROBERTS, Claimant and Appellant,**

v.

**Kermit STELL, d/b/a Best Western Motor Inn, Employer and Appellee,**

**and**

**United States Fidelity & Guaranty, Insurer and Appellee.**

**No. 14798.**

Supreme Court of South Dakota.

Considered on Briefs March 6, 1985.

Decided May 1, 1985.

Jerry C. Rachetto of Driscoll, Mattson, Rachetto & Christensen, Deadwood, for claimant and appellant.

Terence R. Quinn of Stephens, Quinn & Buckmaster, Belle Fourche, for employer and insurer, appellees.

HENDERSON, Justice.

## ACTION

This is a worker's compensation case involving an employee's fall on the employer's outside premises. Compensation was denied. An appeal has been filed from the circuits court's Order affirming the Findings of Fact, Conclusions of Law, and Order of the Division of Labor and Management, Department of Labor. We affirm.

## FACTS

Dorothy Roberts (claimant-appellant) was employed as a motel resident manager by Kermit Stell, d/b/a Best Western Motor Inn (employer-appellee) in Deadwood, South Dakota. Claimant lived in an apartment with her husband located on the motel premises just behind the office. These accommodations were provided to claimant as part of her compensation and allowed her to process late registrations and telephone inquiries.

On Thursday, April 7, 1983, claimant slipped and fell on the motel premises. She fractured her hip, which rendered her partially and permanently disabled. Thursday was claimant's regular day off and she was not on call or required to remain at the motel, but was free to come and go as she pleased. At the time of the accident, claimant had just returned from the beauty shop and was leaving with her husband to go grocery shopping when it is claimed that she slipped on some ice on a walkway in front of her apartment. Two other witnesses, however, testified that there was

no ice in the general area in which claimant fell.

After the incident in question, claimant initially brought a civil action which resulted in a verdict for employer. That judgment was affirmed by this Court by an Order dated November 30, 1984. *See Roberts v. Stell,* 360 N.W.2d 692 (S.D.1984). During the pendency of the civil action, claimant also filed this worker's compensation action which the Department of Labor heard in July 1984. Following this hearing, the Department of Labor entered Findings of Fact and Conclusions of Law which concluded, inter alia, that claimant's activities on April 7, 1983, were for her personal benefit and pleasure and were not related to her employment; that her injuries did not result from a risk or danger peculiar or incidental to her employment; and that claimant failed to prove that her injury arose out of and in the course of her employment.

Claimant thereafter appealed this decision to the circuit court which affirmed the Department of Labor's decision. It is from this latter Order that claimant now appeals.

## DECISION

DID THE CIRCUIT COURT ERR IN AFFIRMING THE FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER OF THE DEPARTMENT OF LABOR WHICH HELD THAT CLAIMANT'S INJURIES DID NOT RESULT FROM A RISK PECULIAR TO HER EMPLOYMENT? WE HOLD THAT IT DID NOT.

Injuries are compensable under the Worker's Compensation Statutes, SDCL tit. 62, et seq., if it arises "out of and in the course of the employment...." SDCL 62–1–1(2). *Pickrel v. Martin Beach, Inc.,* 80 S.D. 376, 124 N.W.2d 182 (1963).

> For an injury to arise out of "the employment", it is necessary and sufficient that there be a causal connection between the injury and the employment, but the employment need not be the direct or proximate cause of injury, it being sufficient if the accident had its origin in the hazard to which the employment exposed the employee while doing his work. *Anderson v. Hotel Cataract,* 70 S.D. 376, 17 N.W.2d 913; *Bergren v. S.E. Gustafson Construction Co.,* 75 S.D. 497, 68 N.W.2d 477. The words "in the course of" refer to the time, place and circumstances under which the accident took place. The contents of the statute do not limit the application to the periods during which an employee is actually engaged in the work that he is hired to perform.... In other words, an employee is within the course of his employment if what he is doing is naturally related or incidental to his employment or he is doing that which his contract of employment expressly or impliedly authorizes. *Wilson v. Dakota Light & Power Co.,* 45 S.D. 175, 186 N.W. 828; *Jacobson v. Strong & Waggoner,* 66 S.D. 552, 287 N.W. 41; *Lang v. Board of Education,* 70 S.D. 343, 17 N.W.2d 695.

*Krier v. Dick's Linoleum Shop,* 78 S.D. 116, 118–19, 98 N.W.2d 486, 487–88 (1959). *See also, Bearshield v. City of Gregory,* 278 N.W.2d 166 (S.D.1979).

In the case at bar, as outlined above, claimant was required to live on her employer's property and was injured on her day off when she slipped and fell as she was leaving to go buy groceries. The Department of Labor denied claimant worker's compensation benefits because it found her activities to be personal and not related to her employment; the injury did not result from a risk or danger peculiar or incidental to her employment; and claimant failed to prove her injury arose out of and in the course of her employment. Claimant here contends that this decision is in error for two reasons.

First, claimant argues that because she was required to remain on the premises during her regular work time, she necessarily had to eat her meals there and thus it was a definite employment necessity to go grocery shopping. In effect, claimant seems to be arguing that because she was required to live on the premises and there-

fore eat her meals there, grocery shopping on her day off is "naturally related or incidental" to her employment and thus within the course of her employment. *Krier*, 98 N.W.2d at 487. This contention, however, is without merit. All persons gainfully employed are not permitted to go grocery shopping during regular working hours but are required to do so on their time off. Claimant here testified that she did not work during the week from 11:00 a.m. to 3:00 p.m. and was free to go during this time. Thus claimant could go shopping during this time or on her day off and therefore grocery shopping on her day off was not within the course of her employment.

Second, claimant argues that her injury is compensable because "the source of injury was a risk distinctly associated with the conditions under which claimant lived because of the requirement of remaining on the premises." 1A A. Larson, *The Law of Workmen's Compensation* § 24.10, at 5–170 (1982). It is asserted that the source of injury was the ice on the walkway in front of claimant's apartment. However, the Department of Labor's Findings of Fact only found that claimant slipped and fell on the motel premises. No specific finding was made that ice was the cause of the fall in the Findings of Fact and Conclusions of Law dated September 12, 1984.*

In any event, in addition to *Larson*, claimant cites several cases from other states for support of the argument she is now making. Inasmuch as these cases permit recovery for injuries to employees required to live on the employer's premises, when such injuries are incurred off duty and there is no causal connection between the injury and the employment, and the accident does not have its origin in the hazard to which the employment exposed the employee, *Krier*, 98 N.W.2d 486, their holdings and rationale are rejected.

Although it is a general rule of this state "that worker's compensation statutes should be liberally construed in favor of injured employees," *Moody v. L.W. Tyler*,

*Custom Combiners*, 297 N.W.2d 179, 180 (S.D.1980), "it is not intended to be health, accident, and old age insurance and spread general protection over *risks common to all and not arising out of and in the course of employment." Adkins v. Rives Plating Corp.*, 338 Mich. 265, 270, 61 N.W.2d 117, 120 (1953) (emphasis supplied) (quoting *Simpson v. Lee & Cady*, 294 Mich. 460, 463, 293 N.W. 718, 719 (1940)).

Assuming claimant's contention that she slipped on ice, the source of her injury was a natural phenomenon and a risk common to all in the Deadwood area.

> Injuries arising from exposure to a natural phenomenon do not arise out of employment unless the hazard imposed upon the employee by reason of the employment is greater than that to which the public generally in the area of hazard is subjected.

*Renshaw v. Merrigol-Adler Bakery*, 212 Neb. 662, 664, 325 N.W.2d 46, 48 (1982). The hazard did not originate in claimant's employment. Her employment did not subject her to any greater risk from this hazard than that endured by the public at large, and no causal connection existed between the injury and her employment. It therefore cannot be asserted that the injury, which claimant regrettably suffered, arose out of and in the course of her employment.

Affirmed.

FOSHEIM, C.J., and WOLLMAN and MORGAN, JJ., concur.

WUEST, Circuit Judge, Acting as Supreme Court Justice, concurs in result.

WUEST, Acting Justice (concurring in result).

. I concur with the result reached by the majority in this case, but not with the conclusion "the source of her injury was a natural phenomena and a risk common to all in the Deadwood area."

---

* But an August 17, 1984 Decision by the Department of Labor alluded to a fall on ice.