496 So.2d 950 (1986)
Glenny BINGHAM As Widow of Franklin Bingham, Appellant,
v.
FLORIDA CHIP STEAK COMPANY and Iowa National Mutual Insurance Company, Appellees.
No. BL-13.
District Court of Appeal of Florida, First District.
October 29, 1986.
*951 Ronald D. McCall, Tampa, for appellant.
Susan W. Fox and Richard A. Valeri of Macfarlane, Ferguson, Allison & Kelly, Tampa, for appellees.
MILLS, Judge.
Glenny Bingham, the widow of Franklin Bingham, appeals from an order of the deputy commissioner denying her petition to enforce an oral agreement by Florida Chip Steak Company and Iowa National Mutual Insurance Company (E/C) to a lump-sum payment of Franklin's permanent total disability benefits. We affirm.
In May 1985, Franklin, who was at that time receiving PTD benefits from the E/C, died as the result of injuries received in an automobile accident; his death was completely unrelated to the industrial injury for which he was receiving benefits. Prior to his death, Franklin, by and through his attorney, had orally agreed with the E/C to a $100,000 lump-sum payment of future PTD benefits. The agreement had not been reduced to writing nor been approved either by the Special Disability Trust Fund or a deputy commissioner at the time of death. In October 1985, Glenny, as Franklin's widow, filed a petition to enforce the settlement agreement. The petition was denied.
This case is controlled by this court's decisions in Russell v. Bass, 107 So.2d 281 (Fla. 1st DCA 1958), and Rogers v. Concrete Sciences, Inc., 394 So.2d 212 (Fla. 1st DCA 1981), both of which held that a lump-sum settlement agreement between the E/C and the claimant is not final and enforceable until or unless it has been approved by the deputy commissioner. See also Brantley v. ADH Building Contractors, Inc., 215 So.2d 297 (Fla. 1968) (the deputy's responsibility to approve the amount of a lump-sum settlement and to decide the questions of the best interest of the claimant and the ultimate discharge of the E/C from liability is an essential concomitant of compensation proceedings).
Appellant acknowledges the controlling principles of these decisions, but contends that they should not be followed because they unfairly allow an E/C to "back out" of an agreement to pay benefits in a lump-sum. However, the factual situation presented by this case, that is, the untimely death of the claimant before a contemplated settlement could be finalized, was present in Russell and Rogers, so that we must assume that the appellant's equitable argument was considered in those cases and rejected.
Affirmed.
BOOTH, C.J., and WENTWORTH, J., concur.