Judy WILCOX, Executrix of the Estate of Garry Thomas Wilcox, Deceased, Employee and Claimant/Appellee,

v.

CITY OF WINNER, South Dakota, Employer,

and

St. Paul Fire and Marine Insurance Company, Insurer, Defendants/Appellants.

No. 16466.

Supreme Court of South Dakota.

Argued April 25, 1989.

Decided Oct. 11, 1989.

Rehearing Denied Nov. 16, 1989.

Wally Eklund of Johnson, Eklund & Davis, Gregory, for employee and claimant/appellee.

Paul T. Barnett of Siegel, Barnett & Schutz, Sioux Falls, for insurer and defendants/appellants.

MORGAN, Justice.

This is an administrative appeal by the city of Winner, South Dakota (Employer), and the St. Paul Fire and Marine Insurance Company (Insurer), from a decision of the circuit court, which reversed a decision of the South Dakota Department of Labor (Department) dismissing a worker's compensation petition. We reverse the trial court and reinstate Department's decision.

Judy Wilcox (Claimant), executrix of the estate of Garry Wilcox, commenced a worker's compensation claim on behalf of herself and her three children against Employer and Insurer, seeking death benefits aris-

ing out of her husband's fatal automobile accident. Her husband, Garry Wilcox (Wilcox), was employed as a part-time policeman for Employer from late September 1985 until his death on October 24, 1985. He was also a volunteer fireman, farmer and operator of a hunting lodge for profit. Wilcox died when his pickup truck ran into a loaded 2½–ton grain truck stalled on a county highway 3.3 miles north of Winner.

At the time of the accident, Wilcox was not on duty. However, at issue is whether what Wilcox was doing at the time of his accident arose out of and in the course of his employment. Some background information is necessary at this point.

Two days before the accident, a dog was released from the Winner city pound to Gabriel Medicine Eagle (Medicine Eagle) of Ideal, South Dakota, pursuant to the city's Adopt-a-Pet program. The dog was released to Medicine Eagle with the understanding that if the dog's owner claimed it, Medicine Eagle would have to return the dog. The next day, the dog's owner reported her dog missing. Assistant Police Chief Orson Long Crow advised Police Officer Vrbsky (Vrbsky) that Medicine Eagle would have to return the dog. During that evening when Vrbsky and Wilcox were working together, Vrbsky mentioned that he was going to Ideal the following morning, on his day off, to pick up the dog. Wilcox commented that he would be fencing near the Ideal area that morning and had to come into Winner at noon to meet some hunters. He offered to pick up the dog and bring him to Winner. Medicine Eagle testified that Wilcox picked up the dog at approximately noon on October 24, 1985. The accident occurred shortly thereafter. The dog was not at the scene of the accident when police arrived but showed up several days later and was returned to its owner.

Claimant commenced this worker's compensation action. Department dismissed Claimant's petition on the basis that Wilcox's accident did not arise out of and in the course of his employment. Claimant appealed to the circuit court. After hearing oral arguments, the trial court reversed

Department's decision, ruling that Wilcox's accident arose out of and in the course of his employment. Employer and Insurer appeal.

On appeal, they raise the following issues:

1. Whether Wilcox's death arose out of and in the course of his employment, and

2. Whether Employer and Insurer are entitled to their costs for the administrative hearing.

Our standard of review in this case is governed by SDCL 1–26–36. This requires us to "give great weight to the findings made and inferences drawn by [Department] on questions of fact." *Id.; Finck v. Northwest School Dist. No. 52–3,* 417 N.W.2d 875 (S.D.1988). Further, we review the record in the same light as does the trial court and determine whether or not Department's decision was clearly erroneous in light of all the evidence. *Application of Northwestern Bell Tel. Co.,* 382 N.W.2d 413 (S.D.1986). However, on questions of law, we may "interpret statutes without any assistance from the administrative agency." *Permann v. S.D. Dept. of Labor,* 411 N.W.2d 113, 117 (S.D.1987).

No injury is compensable under worker's compensation statutes unless it "arises out of and in the course of employment." SDCL 62–1–1(2). In *Roberts v. Stell,* 367 N.W.2d 198 (S.D.1985), we discussed the term "arising out of and in the course of employment." We said that to be compensable the injury must have "its origin in the hazard to which the employment exposed the employee while doing his work." *Id.* at 199.

It is conceded that Wilcox was in the course of his employment at the time of his accident. However, that does not conclude our discussion. Department found that he was engaged in a two-purpose (dual purpose) trip: (1) his personal purpose in traveling from his farming operation in the Ideal vicinity to meet some hunters in Winner as part of his guiding activity, and (2) a business purpose to return the dog from Ideal. In light of all the evidence, this finding was not clearly erroneous. There-

fore, the "dual purpose doctrine," recognized by this court in *Johnson v. Skelly Oil Company*, 288 N.W.2d 493 (S.D.1980), applies.

We summarized the dual purpose rule as follows:

[W]hen a trip serves both business and personal purposes, it is a personal trip if the trip would have been made in spite of the failure or absence of the business purpose and would have been dropped in the event of failure of the private purpose, though the business errand remained undone; it is a business trip if a trip of this kind would have been made in spite of the failure or absence of the private purpose, because the service to be performed for the employer would have caused the journey to be made by someone even if it had not coincided with the employee's personal journey.

*Id.* 288 N.W.2d at 495 (quoting 1 Larson, Workmen's Compensation, § 18.12 (1978)).

Employer and Insurer point out that both Department and the trial court correctly held that *Johnson* is controlling. They contend, however, that only Department correctly applied the "dual purpose doctrine," finding that although the trip served both a business and personal purpose, it was not classified a business trip because Employer would not have caused the trip to be made had it not coincided with Wilcox' personal trip. They argue further that the trial court placed undue emphasis on the business purpose that benefitted the Employer, thereby invoking compensation. We agree.

■ By definition, the "dual purpose doctrine" requires that one purpose be business the other personal. The issue of whether the trip is classified as either "business" or "personal" turns on whether the business purpose created the necessity for travel. It is a common-sense judgment that, apart from the opportunity to combine business with pleasure, the business purpose would either not have been done at all, or would have been done in some way not involving a special trip. 1 Larson, *supra* § 18.14. If the business errand had no part in creating the trip, if the journey

would have gone forward even though the business errand had been dropped, the travel is then personal, and personal the risk. *Johnson, supra.*

■ The record clearly reflects that Wilcox had originally made his plans to do his farming work near Ideal and his appointment to meet the hunters before the question of picking up the dog ever arose. The issue then becomes: Would the Employer have caused a trip to Ideal to be made if it had not coincided with Wilcox' personal trip to meet the hunters? While it is true that Vrbsky had intended to make a trip to Ideal to secure the dog, he had not been specifically directed to do so. Winner police do not have jurisdiction in Ideal. SDCL 9–29–1 and 11–6–4.2. Winner's Chief of Police testified that the proper procedure to follow in a case such as this would be to contact either the sheriff, BIA or Medicine Eagle to return the dog to Winner. He also testified that officers are told they are not to leave Winner's city limits for police business except in the case of an emergency. Based upon this testimony, it cannot be said that Employer necessitated Wilcox' trip or would have caused this trip to be made by another officer if it had not coincided with Wilcox' personal trip. In fact, Employer did not request that either Vrbsky or Wilcox do so. Officer Vrbsky decided to retrieve the dog of his own accord and on his day off. It appears Wilcox was merely performing a personal favor for a fellow officer during off-duty time when he offered to go instead. Wilcox' offer to pick up the dog has the distinct quality of an afterthought, once his personal trip had been decided upon.

Because Wilcox' trip was a personal trip, his unfortunate death is not compensable. *Johnson, supra.* Therefore, we reverse the trial court and reinstate Department's decision which dismissed Claimant's petition.

As their second issue, Employer/Insurer contend that they are entitled to costs in the amount of $514.09, pursuant to SDCL 62–7–15 and 15–17–15, for the administra-

tive hearing below because they were the prevailing party.

SDCL 62–7–15 provides:

The fees and mileage for attending as a witness before the department shall be the same as allowed in circuit court. All costs incurred in the hearing before the department *may be taxed* against the losing party or an equitable apportionment made thereof *by the department* according to the facts. (Emphasis added.)

By the use of the term "may be taxed" in this section, the legislature indicated an intention to put costs of the administrative proceeding within the discretion of Department. This language is clearly permissive rather than mandatory. Absent an abuse of discretion, Department's decision on this issue must stand.

■ It is long-standing public policy that worker's compensation statutes be liberally construed in favor of injured employees. *S.D. Med. Service v. Minn. Mut. Fire & Cas. Co.*, 303 N.W.2d 358 (S.D.1981). Worker's compensation statutes are "remedial and should be liberally construed to effectuate its purpose." *Moody v. L.W. Tyler, Custom Combiners*, 297 N.W.2d 179, 180 (S.D.1980). Because of this stated public policy, worker's compensation claimants should not be discouraged from petitioning Department and pursuing their claims. Such expenses incurred by an employer-insurer might be viewed as an expense of doing business, particularly in a case such as this where there is a close issue. On this record, we find no abuse of discretion in denying the costs as requested.

Reversed.

WUEST, C.J., and MILLER, J., concur.

HENDERSON and SABERS, JJ., dissent.

HENDERSON, Justice (dissenting).

Circuit court should be affirmed for this reason: Worker's compensation benefits were rightfully awarded to the decedent's widow and minor children, through his estate, via the "dual purpose" test when the death of this young police officer resulted on a trip which arose out of and in the course of his employment, notwithstanding that the trip was in coincidence with some of his personal business. Therefore, I respectfully dissent.

First, some foundational authorities to support this dissent:

1. SDCL 62–1–1(2). We must determine if the death arose "out of and in the course of employment ...".

2. *See, Pickrel v. Martin Beach, Inc.*, 80 S.D. 376, 124 N.W.2d 182 (1963), for decision on compensable injuries arising "out of and in the course of the employment ...". *Anderson v. Hotel Cataract*, 70 S.D. 376, 17 N.W.2d 913 (1945), stands for the proposition that "... it [is] sufficient if the accident had its origin in the hazard to which the employment exposed the employee while doing his work." Under *Jacobson v. Strong and Waggoner*, 66 S.D. 552, 287 N.W. 41 (1939), "The contents of the statute do not limit the application to the periods during which an employee is actually engaged in the work that he his hired to perform". Accord: *Wilson v. Dakota Light and Power Co.*, 45 S.D. 175, 186 N.W. 828 (1922).

3. Workmen's Compensation statutes, we have repeatedly held, are to be given a liberal construction in favor of the worker. One may read back as far as *Meyer v. Roettele*, 64 S.D. 36, 264 N.W. 191 (1935). And some 44 years later, we were still saying so in *Bearshield v. City of Gregory*, 278 N.W.2d 166 (S.D.1979) (case involving police officer). We also reiterate this liberal approach to favor the worker via *S.D. Med. Service v. Minn. Mut. Fire & Cas. Co.*, 303 N.W.2d 358, 360 (S.D.1981), a case written by Justice Morgan on reassignment and in which I concurred outright, Chief Justice Wollman concurring specially on other grounds

and Justices Dunn and Foshiem concurring in part and dissenting in part on other grounds.[*]

The principles set out above, when applied the facts before us, mandate one result: Wilcox is entitled to compensation as his injury was incurred in the course of his employment. Wilcox's trip involved retrieving a dog from Ideal and taking it to Winner. A dog, Man's Best Friend though he is, needs supervision when in transit from one community to another. Left to his own devices, a dog might not conduct himself from Point A to the desired Point B. Someone, sometime, had to transport this dog. This leads us, as if on a leash, to *Johnson v. Skelly Oil Co.*, 288 N.W.2d 493 (S.D.1980) quoted by the majority:

> "[I]t is not necessary, under this formula, that, on failure of the personal motive, the business trip would have been taken *by this particular employee at this particular time.* It is enough someone, sometime would have had to take the trip to carry out the business mission. Perhaps another employee would have done it; perhaps another time would have been chosen; but if a special trip would have had to be made for this purpose ... it was a concurrent cause of the trip ...".

*Johnson*, at 495 (quoting 1 Larson, Workmen's Compensation, § 18.13 at 4–229 (1978)) (emphasis in original). The dog was a concurrent cause of the trip.

The sole issue here is whether the injury arose "in the course of employment." *Bearshield, supra,* at 168. In my view, it did.

SABERS, Justice (dissenting).

Whether the injury arose out of and in the course of employment is a mixed question of law and fact. Therefore, under *Permann v. South Dakota Dep't of Labor,* 411 N.W.2d 113 (S.D.1987), the question is not whether the Department was clearly

erroneous, but whether the Department was in error.

This takes us to the dual-purpose rule from *Johnson v. Skelly Oil Co.,* 288 N.W.2d 493 (S.D.1980). As quoted by the majority, the latter part of the rule states:

> ... it is a business trip if a trip of this kind would have been made in spite of the failure or absence of the private purpose, because the service to be performed for the employer would have caused the journey to be made by someone even if it had not coincided with the employee's personal journey.

*Id.* at 495 (quoting 1 Larson, *Workmen's Compensation,* § 18.12 at 4–218 (1978)). In applying this test the Department and the majority placed undue and misdirected emphasis on the self-serving, after-the-fact testimony of the police chief. When a situation arises that requires application of the dual-purpose test, the question is simply: "Was the business mission of such character that it would have necessitated a trip by someone if this employee had not been able to handle it in combination with his journey?" *Id.* "If the answer is yes, the employee should be deemed to be within the course of his employment." *Id.* In view of the efforts of the Winner Police Department to improve their image by the "Adopt-a-Pet" program, it appears far more likely their *mistake* of giving someone "the wrong dog" necessitated the trip to retrieve the dog for the proper owner. If Garry Wilcox had been unable to retrieve the dog, *someone* would have had to make the trip *for the Winner Police Department.* Accordingly, Wilcox was within the course of his employment. Therefore, I would affirm the trial court because the Department was *in error. Johnson, supra.*

---

[*] Justice Dunn lengthily pointed out that this Court had taken the historic stance that the workmen's compensation law was to improve the economic status of workers and to avoid enforcement of common-law remedies. Therefore, a long history of decisions in this Court

supports a policy of liberal construction as compared to a narrow, strained construction such as we see in this case. *See, e.g., Donovan v. Powers,* 86 S.D. 245, 193 N.W.2d 796 (1972); *Schwan v. Premack,* 70 S.D. 371, 17 N.W.2d 911 (1945).