Jenean **AADLAND**, Claimant and Appellee,

v.

ST. LUKE'S MIDLAND REGIONAL MEDICAL CENTER and Presentation Sisters Workers' Compensation Trust, Employer/Insurer and Appellants.

No. 18898.

Supreme Court of South Dakota.

Considered on Briefs Feb. 15, 1995.

Decided Sept. 13, 1995.

Robert M. Ronayne of Ronayne and Wein, Aberdeen, Chester A. Groseclose, Jr. of Richardson, Groseclose, Wyly, Wise & Sauck, Aberdeen, for appellee.

Comet Haraldson of Woods, Fuller, Shultz & Smith, P.C., Sioux Falls, for appellants.

MILLER, Circuit Judge.

St. Luke's Midland Regional Medical Center (Employer) and Presentation Sisters Workers' Compensation Trust (Insurer) appeal a circuit court judgment which reversed the Division of Labor and Management's (Division) decision denying that claimant Jenean Aadland (Aadland) was injured in the course and scope of her employment with St. Luke's. We reverse.

## FACTS

On or about March 3, 1991, at approximately 9:30 p.m. Aadland slipped and fell in Employer's parking lot in Aberdeen, South Dakota, injuring her arm.

Aadland worked in Aberdeen as a pastoral care chaplain for Employer. Aadland lived in Pierpont, South Dakota, forty-two miles from Aberdeen. Her duties as chaplain included visitation with all patients within twenty-four hours of their admission to the hospital, and availability to provide spiritual and emotional counseling and care when requested by patients or their families. Another duty included "on-call" status; when Employer required her to, she remained a distance from the hospital which allowed her to return to work within ten to fifteen minutes after being paged. She wore a pager and Employer paid her one dollar for each hour she remained on call. If Aadland went from on-call status to an actual call-back status, Employer compensated her at a wage of time-and-a-half for overtime, at $12.72 per hour.

On days when she worked on call, Aadland made private arrangements to stay in an apartment at Lourdes Hall, a dormitory on Employer's premises. Although some benefit accrued to Employer because of the proximity of the dormitory to the hospital, Aadland acknowledged she could have stayed in a room at the hospital or made arrangements to stay elsewhere in Aberdeen so long as she could return to work when paged within ten to fifteen minutes.

On the day of her injury, Aadland left her regular shift at 9:00 p.m. She went to the hospital's east side parking lot, got into her car and then drove on public streets in the city of Aberdeen to a parking lot north of Lourdes Hall. Employer did not require Aadland to park in the lot north of Lourdes Hall when she was on call. Although some spaces had signs indicating reserved spaces for hospital "on call" personnel, Aadland failed to show that she parked in a designated space. Additionally, other hospital employees routinely used the lot.

At approximately 9:30 p.m., Aadland exited her vehicle to go toward Lourdes Hall and fell somewhere along the way. While she

remained on call at the time, Aadland had not received a call to return to the hospital. Aadland was assisted to the emergency room and admitted. The parties agree that Aadland promptly reported the injury to Employer in accordance with hospital policy.

## DECISION
## STANDARD OF REVIEW

■ Upon a review of an agency's decision, the circuit court and Supreme Court must ascertain whether the administrative agency's findings of fact were clearly erroneous; the administrative agency's and circuit court's conclusions of law are fully reviewable. SDCL 1–26–36; *Caldwell v. John Morrell & Co.*, 489 N.W.2d 353 (S.D.1992). Employer points to several disputed facts. However, after review of the agency's findings of fact and conclusions of law and the circuit court's conclusions of law, we conclude the issue is primarily a question of law. Therefore, the appropriate standard of review is de novo.

## ISSUE I.

WHETHER THE EMPLOYEES' MANUAL CREATES A CONTRACTUAL AGREEMENT WHICH EXTENDS SUPPLEMENTAL BENEFITS FOR AADLAND'S INJURIES BEYOND THOSE AUTHORIZED BY SOUTH DAKOTA WORKER'S COMPENSATION LAW?

■ At the time of the injury, Employer had an employee manual or handbook which defined "Employee Accidents–Worker's Compensation."[1] Employee argues that the language of the manual created a contract which made "any injury" occurring upon Employer's premises compensable under the South Dakota worker's compensation law. We disagree.

We have commented that worker's compensation benefits are "purely statutory." *Caldwell v. John Morrell & Co.*, 489 N.W.2d at 364 (quoting *Chittenden v. Jarvis*, 68 S.D. 5, 8, 297 N.W. 787, 788 (1941)). While collective bargaining agreements and private plans may supplement the statutory scheme,[2] Professor Larson concludes litigation of such supplements must be sued in civil courts, not in the agencies administering the states' compensation acts. 1 Larson's Workmen's Compensation Desk Ed. § 97.53 (1994). Larson labels such supplements to the statutory provisions as excess benefits outside of the exclusive remedies contemplated by the workers' compensation statutes. *Id.*

When given the benefit of the doubt, Aadland has failed to prove a supplemental contract existed to provide benefits to her merely because an injury occurred on St. Luke's grounds. Aadland did not raise the contract issue in her petition for hearing, nor did she amend the petition to allege a contractual agreement. Therefore, the administrative law judge did not rule on the issue of a contract. Furthermore, the circuit court failed to provide a basis for its finding that an employment contract existed which "produced compensable injuries under the Workers' Compensation Law." Nevertheless, we have examined the language of the employee manual to determine whether it provides for supplemental benefits by this Employer.

The provision of the manual informs the employee that an employee accident is one "which arises out of and in the course of employment." The relative clause is further modified by two prepositional phrases which contemplate work performed "with" the hospital *or* "on" its grounds. The statement is not ambiguous since it requires that the accident first arise out of and in the course of

---

1. The employee manual stated in pertinent part as follows:

   An employee accident is defined as any injury or contracted disease which arises out of and in the course of employment with St. Luke's Midland Regional Medical Center or on its grounds.

   . . . . .

   Expenses for illnesses or injuries not work related and which may be treated in the Emergency Department will be the responsibility of the employee.
   (Exhibit 10).

2. The self-insurance statutes in South Dakota prohibit providing less than the benefits secured by the workers' compensation law. *See* SDCL 62–5–4.

employment, whether on or off the premises. Our construction of the manual's statement is buttressed by the additional statement on the same page which informs the employee that he or she will be responsible for expenses for illnesses or injuries which are "not work related."

Therefore, we conclude that the employee manual does not create a contractual agreement which extends supplemental benefits to Aadland beyond those authorized by the South Dakota workers' compensation law. The question remains whether Aadland's injuries are compensable under the statutory scheme.

In order to collect the benefits authorized by the South Dakota legislature, a worker must meet the requirements of state statute. At the base of the worker's compensation statutes in this country is the concept that the injury must be work connected. *See* 1 Larson's Workmen's Compensation Desk ed. § 6.10 (1994). The general provisions of the South Dakota workers' compensation act define "injury" or "personal injury" as: "only injury arising out of and in the course of employment, and shall not include a disease in any form except as it shall result from the injury." SDCL 62–1–1(7) (1993). Therefore, the threshold question under state statutes is whether Aadland's injury arose out of and in the course of her employment.

## ISSUE II.

WHETHER AADLAND'S INJURY AROSE OUT OF HER EMPLOYMENT WITH ST. LUKE'S WHEN SHE WAS ON CALL, BUT NOT ON DUTY AT THE TIME OF HER INJURY?

██ To be compensable, a claimant's injury must arise out of a risk inherent to employment. *Roberts v. Stell*, 367 N.W.2d 198 (S.D.1985).

The words "in the course of" refer to the time place and circumstances under which the accident took place.... In other words, an employee is within the course of his employment if what he is doing is naturally related or incidental to his employment or he is doing that which his contract of employment expressly or impliedly authorizes.

*Id.* at 199. Therefore, the mere fact that an injury occurs on an employer's premises is not enough. Professor Larson comments: "[A] line must be drawn in these cases [involving persons on call] somewhere short of unlimited coverage of everything that happens on the premises." 1A Larson, *The Law of Workmen's Compensation,* § 24.22 (1993).

The law as it applies to this case is found in *Roberts, supra,* and *Howell v. Cardinal Industries, Inc.,* 497 N.W.2d 709 (S.D.1993). In *Roberts,* a motel manager fell on ice at her employer's premises as she left on her day off to do her weekly grocery shopping. Roberts' employer provided her with an apartment and she was required to sleep on the premises to process late registrations and telephone inquiries. The apartment was part of Roberts' compensation package. However, Roberts was not a captive of her employment premises, because she was able to go where she pleased on her day off and she was not on call when she fell. 367 N.W.2d at 198. In *Howell,* an employee had just completed her regular shift when she fell on an accumulation of ice as she crossed her employer's parking lot. 497 N.W.2d at 709–10.

The court in *Roberts* concluded that the employee had not been injured by virtue of exposure to a risk inherent in her job duties as motel manager; instead she incurred an injury due to exposure to "risks common to all and not arising out and in the course of employment." On the other hand, under the circumstances in *Howell,* the court found that the employer had failed to remove accumulated ice and snow from the employee's parking lot throughout the winter months. 497 N.W.2d at 711. Here Aadland completed her regular shift, exited the hospital, safely crossed the parking lot where she chose to park her vehicle, drove her vehicle across a public street to another parking lot owned by her employer, and parked her vehicle in a place she cannot be certain was designated an "on call" space. She then fell on her way to the apartment where she had arranged to sleep. She was not on duty at that time. Under the facts of this case we conclude

Aadland's injuries did not arise out of the course of her employment.

### ISSUE III.

WHETHER AADLAND'S INJURY WAS IN THE COURSE OF HER EMPLOYMENT WITH ST. LUKE'S WHEN SHE WAS ON CALL BUT WAS NOT ON AN ERRAND PURSUANT TO A CALL BACK TO DUTY?

Although this state has examined going to and coming from work in other contexts, the issue within the context of an on call employee is new to this jurisdiction. Again Professor Larson provides guidance in narrowing the issue:

> The circumstance that the employee is "subject to call" should not be given any independent importance in the narrow field of going to and from work; the important questions are whether the employee was in fact on an errand pursuant to call, and what kind of an errand it was ... [T]he mere fact that an employee is generally on call should not make a special errand of a normal going and coming trip that is not in response to a special call.

1 *Larson* § 16.16 (1993). A work related inference is required in the jurisdictions which have addressed "on call" situations. *Roberts,* 367 N.W.2d at 200. *See, for example, Workmen's Comp. App. Bd. v. United States Steel Corp.,* 31 Pa.Cmwlth. 329, 376 A.2d 271, 273 (1977); *Fingers v. Mount Tabor United Church of Christ,* 439 S.W.2d 241 (Mo.App.1969); *Union Camp Corporation v. Blackmon,* 289 Ala. 635, 270 So.2d 108, 110 (1972).

Aadland was not engaged in the performance of her duties as chaplain at the time she was injured. While she was on premises owned by her employer, Aadland was not required to be there at the time as she had not been called back to work and she was not required to remain on the premises when on call. Employer did not compensate Aadland at her regular wage when she merely wore a pager. As in *Roberts,* Aadland failed to show that her injuries were caused by a hazard imposed upon Aadland by reason of her employment greater than that to which the public generally in Aberdeen was subjected. We conclude the facts do not warrant a conclusion that Aadland's injury occurred in the course of her employment.

Therefore, we hold that under the facts presented, Aadland's injury did not arise out of and in the course of her employment with St. Luke's Midland Regional Medical Center. Reversed.

MILLER, C.J., and KONENKAMP, J., and KEAN, Circuit Judge, concur.

MILLER, Circuit Judge, for AMUNDSON, J., disqualified.

KEAN, Circuit Judge, for SABERS, J., disqualified.

GILBERTSON, J., not having been a member of the Court at the time this case was submitted did not participate.