1997 SD 79

**Lydia FREDEKIND, surviving spouse of Duane A. Fredekind, Deceased, Claimant and Appellant,**

v.

**TRIMAC LIMITED and Insurance Company of North America, Employer, Insurer and Appellees.**

No. 19774, 19786.

Supreme Court of South Dakota.

Considered on Briefs May 1, 1997.

Decided July 9, 1997.

---

Bruce A. Hubbard of Hansen & Hubbard, Sturgis, for claimant and appellant.

Craig A. Pfeifle of Lynn, Jackson, Schultz & LeBrun, P.C., Rapid City, for employer, insurer and appellees.

KONENKAMP, Justice.

[¶ 1.] Duane Fredekind, a truck driver for Trimac Limited, died after reaching an oral settlement for workers' compensation benefits with Trimac's insurer. His widow, Lydia Fredekind, petitioned to enforce the agreement, and the Department of Labor allowed it. Is an unwritten settlement binding under South Dakota Workers' Compensation law? On appeal the circuit court overturned the award, and we affirm, concluding the agreement failed to comport with the written approval and finalization requirements of SDCL 62–7–5.

### Facts

[¶ 2.] During Fredekind's employment with Trimac in 1990, he slipped off his truck's running board, injuring his back. Insurance Company of North America began paying weekly benefits and medical expenses. In 1993, Fredekind started negotiations with the insurer's adjuster, Debbie Sellers. In early October, Fredekind and Sellers orally agreed on certain settlement amounts. Sellers composed a note memorializing the terms, and she later directed an attorney to prepare a written settlement. It was completed, but she sent the document back to the attorney for some language changes. As part of their

agreement, Fredekind needed to send Sellers a copy of his birth certificate, which he did.

[¶ 3.] On October 14, 1993, Fredekind suffered a fatal heart attack. His death was not employment related. At this time, the settlement had not been prepared in final form, was not signed, and had not been approved by the Department under SDCL 62–7–5. The insurer refused to honor the oral agreement. Lydia petitioned the Department to obtain her husband's settlement and was awarded benefits. On appeal, the circuit court ruled the settlement invalid because it was not signed and submitted to the Department for approval.

### Standard of Review

[¶ 4.] Our standard of review is governed by well-settled precedent:

We will overrule an agency's findings of fact only when they are clearly erroneous. The question is not whether there is substantial evidence contrary to the agency finding, but whether there is substantial evidence to support the agency finding. In other words, even if there is evidence in the record which tends to contradict the Department's factual determination, so long as there is some "substantial evidence" in the record which supports the Department's determination, this court will affirm. Great weight is given to the findings made and inferences drawn by an agency on questions of fact. Conclusions of law are given no deference and are fully reviewable.

*Kent v. Lyon,* 1996 SD 131, ¶ 15, 555 N.W.2d 106, 110 (quoting *Hendrix v. Graham Tire Co.,* 520 N.W.2d 876, 878–79 (S.D.1994) (citations and internal quotations omitted)); *Helms v. Lynn's, Inc.,* 1996 SD 8, ¶ 9, 542 N.W.2d 764, 766; *Caldwell v. John Morrell & Co.,* 489 N.W.2d 353, 357 (S.D.1992); *Shepherd v. Moorman Mfg.,* 467 N.W.2d 916, 919 (S.D.1991). We review statutory questions de novo, as they are questions of law. *Permann v. Department of Labor, Unemp. Ins. Div.,* 411 N.W.2d 113, 117 (S.D.1987). Further, we "review the administrative agency's decision, as did the circuit court, unaided by any presumption that the circuit court's decision was correct." *Nilson v. Clay County,* 534 N.W.2d 598, 600 (S.D.1995)(citing *Thomas v. Custer State Hosp.,* 511 N.W.2d 576, 579 (S.D.1994)).

### Analysis and Decision

[¶ 5.] Workers' compensation benefits are "purely statutory." *Caldwell,* 489 N.W.2d at 364 (quoting *Chittenden v. Jarvis,* 68 S.D. 5, 8, 297 N.W. 787, 788 (1941)). "In order to collect the benefits authorized by the South Dakota Legislature, a worker must meet the requirements of state statute." *Aadland v. St. Luke's Midland Reg'l Med. Ctr.,* 537 N.W.2d 666, 669 (S.D.1995). In considering whether the agreement Fredekind and Sellers reached before his death is enforceable, we must follow the statutory plan dictating the process for obtaining settlements. SDCL 62–7–5 states:

If the employer and employee reach an agreement in regard to the compensation under this title, a memorandum of the agreement shall be filed with the department by the employer or employee. Unless the department within twenty days notifies the employer and employee of its disapproval of the agreement by letter sent to their addresses as given in the memorandum filed, the agreement shall stand as approved and is enforceable for all purposes under the provisions of this title.

The Department ruled that despite the approval requirement, the oral terms discussed between Fredekind and Sellers were binding. In its conclusions of law, it found the notes prepared by Sellers after her phone conversation with Fredekind comprised a "memorandum of agreement" under SDCL 62–7–5 and Lydia's petition fulfilled the requisite filing with the Department. Reviewed under a de novo standard, we find this decision in error. *Nilson, supra.* An oral settlement agreement is insufficient under SDCL 62–7–5.

[¶ 6.] The Department of Labor has broad supervisory and ratification powers pursuant to SDCL ch. 62–7; nonetheless, authorizing benefits under an oral settlement not conforming to the written submission and approval requirements of law goes beyond what the Legislature strictly delineated. *Caldwell, supra; Aadland, supra.* Other juris-

dictions with comparable statutes have held similarly. For instance, the Tennessee Supreme Court wrote, "the agreement between the parties was not 'binding on any party' since the proposed agreement was not approved by the court during the lifetime of the plaintiff." *Sherlin v. Liberty Mut. Ins. Co.,* 584 S.W.2d 455, 457 (Tenn.1979)(claimant negotiated a workers' compensation settlement, but was killed during an assault before he could sign it). Oral negotiations preceding submission and approval are merely a voluntary offer to pay or a mutual offer to settle. 8 Larson, *Workmen's Compensation* § 82.61 (1997); *Justice v. Davidson Kennedy Co.,* 194 Ga.App. 585, 391 S.E.2d 414, 415 (1990). *See also Odom v. Tosco Corp.,* 12 Ark.App. 196, 672 S.W.2d 915, 919 (1984)(claimant died before hearing, so the settlement was held ineffective); *Bingham v. Florida Chip Steak Co.,* 496 So.2d 950, 951 (Fla.Dist.Ct.App. 1986)(lump sum settlement not "final and enforceable until or unless it has been approved" by the department commissioner); *Rogers v. Concrete Sciences, Inc.,* 394 So.2d 212, 213 (Fla.Dist.Ct.App.1981)(settlement not final and enforceable until approved by the commissioner); *Givens v. Givens,* 192 Ill.App.3d 97, 139 Ill.Dec. 186, 548 N.E.2d 571, 574 (1989)(approval of settlement by commissioner gives it legal effect). *Cf. Rojo v. Loeper Landscaping, Inc.,* 107 N.M. 407, 759 P.2d 194 (N.M.1988)(written and signed settlement held binding when submitted to agency hearing officer before claimant's murder was known). We are unaware of any decision which persuasively refutes these authorities.

[¶ 7.] Lydia also urges consideration of SDCL 62–4–11:

> In any case where an employee receives an injury for which a specific schedule of payments is provided by § 62–4–6; and the employee thereafter dies from causes other than the injury before the full payment of all installments due for said specific injury have been paid to the employee, the employer shall pay the balance due under the specific schedule of payments as provided in § 62–4–6, to said employee's dependents as provided in §§ 62–4–12 to 62–4–22, inclusive.

She argues this is a survival statute which allows her to recover her deceased husband's benefits. However, the language of the statute declares to the contrary, referring to payments of "all installments *due* for said specific injury" and the employer paying "the balance *due.*" SDCL 62–4–11 (emphasis added). Both phrases presuppose a binding settlement in effect with ongoing payments at the time of the employee's death from causes other than the work-related injury. That was not the case here.

[¶ 8.] Black's Law Dictionary defines "due" as "owing; payable; justly owed .... imports a fixed and settled obligation or liability." *Black's Law Dictionary* 499 (6thed 1990). This definition obviously rules out oral settlement discussions; therefore, SDCL 62–4–11 provides no basis for an award of benefits here. *Barncord v. State, Dep't of Transp.,* 4 Kan.App.2d 368, 606 P.2d 501, 505 (1980), *aff'd* 228 Kan. 289, 613 P.2d 670 (1980)(holding, under a similar statutory scheme, that settlement discussions unapproved by the state agency did not provide a basis for benefit recovery as no obligation was "due"); *Knoble v. Storer Realty Co.,* 255 N.W.2d 388, 392 (Minn.1977)(workers' compensation award recoverable only "to the extent that it is fixed in amount").

[¶ 9.] We are not dealing with death benefits, but with workers' compensation which is generally intended to provide for workers when they cannot work:

> Although it is a general rule of this state "that worker's compensation statutes should be liberally construed in favor of injured employees," *Moody v. L.W. Tyler, Custom Combiners,* 297 N.W.2d 179, 180 (S.D.1980), "it is not intended to be health, accident, and old age insurance and spread general protection over *risks common to all and not arising out of and in the course of employment.*" *Adkins v. Rives Plating Corp.,* 338 Mich. 265, 270, 61 N.W.2d 117, 120 (1953)(emphasis supplied)(quoting *Simpson v. Lee & Cady,* 294 Mich. 460, 463, 293 N.W. 718, 719 (1940)).

*Roberts v. Stell,* 367 N.W.2d 198, 200 (S.D. 1985). Despite favorable discussions between Fredekind and the insurer, the adjuster's notes of their oral understanding fail to

comprise a memorandum of agreement. Nor will the later submission of the unwritten agreement to the Department provide the requisite filing necessary to make it binding. Although this ruling is preclusive, it would violate the authorized process devised by the Legislature and ignore persuasive authority from other jurisdictions to hold otherwise.

[¶ 10.] Affirmed.

[¶ 11.] MILLER, C.J., and SABERS, AMUNDSON and GILBERTSON, JJ., concur.